the United States Attorney or the responsible Assistant Attorney General have approved the subpoena. In determining whether to approve a subpoena for a "target," careful attention will be paid to the following considerations:

- The importance to the successful conduct of the grand jury's investigation of the testimony or other information sought;

- Whether the substance of the testimony or other information sought could be provided by other witnesses; and

- Whether the questions the prosecutor and the grand jurors intend to ask or the other information sought would be protected by a valid claim of privilege.

### 9-11.151 Advice of "Rights" of Grand Jury Witnesses

It is the policy of the Department of Justice to advise a grand jury witness of his or her rights if such witness is a "target" or "subject" of a grand jury investigation. *See* the Criminal Resource Manual at 160 for a sample target letter.

A "target" is a person as to whom the prosecutor or the grand jury has substantial evidence linking him or her to the commission of a crime and who, in the judgment of the prosecutor, is a putative defendant. An officer or employee of an organization which is a target is not automatically considered a target even if such officer's or employee's conduct contributed to the commission of the crime by the target organization. The same lack of automatic target status holds true for organizations which employ, or employed, an officer or employee who is a target.

A "subject" of an investigation is a person whose conduct is within the scope of the grand jury's investigation.

The Supreme Court declined to decide whether a grand jury witness must be warned of his or her Fifth Amendment privilege against compulsory self-incrimination before the witness's grand jury testimony can be used against the witness. *See United States v. Washington*, 431 U.S. 181, 186 and 190-191 (1977); *United States v. Wong*, 431 U.S. 174 (1977); *United States v. Mandujano*, 425 U.S. 564, 582 n. 7. (1976). In *Mandujano* the Court took cognizance of the fact that Federal prosecutors customarily warn "targets" of their Fifth Amendment rights before grand jury questioning begins. Similarly, in *Washington*, the Court pointed to the fact that Fifth Amendment warnings were administered as negating "any possible compulsion to self-incrimination which might otherwise exist" in the grand jury setting. *See Washington*, at 188.

Notwithstanding the lack of a clear constitutional imperative, it is the policy of the Department that an "Advice of Rights" form be appended to all grand jury subpoenas to be served on any "target" or "subject" of an investigation. *See* advice of rights below.

In addition, these "warnings" should be given by the prosecutor on the record before the grand jury and the witness should be asked to affirm that the witness understands them.

Although the Court in *Washington, supra*, held that "targets" of the grand jury's investigation are entitled to no special warnings relative to their status as "potential defendant(s)," the Department of Justice continues its longstanding policy to advise witnesses who are known "targets" of the investigation that their conduct is being investigated for possible violation of Federal criminal law. This

supplemental advice of status of the witness as a target should be repeated on the record when the target witness is advised of the matters discussed in the preceding paragraphs.

When a district court insists that the notice of rights not be appended to a grand jury subpoena, the advice of rights may be set forth in a separate letter and mailed to or handed to the witness when the subpoena is served.

**Advice of Rights**

- The grand jury is conducting an investigation of possible violations of Federal criminal laws involving: (State here the general subject matter of inquiry, e.g., conducting an illegal gambling business in violation of 18 U.S.C. § 1955).

- You may refuse to answer any question if a truthful answer to the question would tend to incriminate you.

- Anything that you do say may be used against you by the grand jury or in a subsequent legal proceeding.

- If you have retained counsel, the grand jury will permit you a reasonable opportunity to step outside the grand jury room to consult with counsel if you so desire.

**Additional Advice to be Given to Targets:** If the witness is a target, the above advice should also contain a supplemental warning that the witness's conduct is being investigated for possible violation of federal criminal law.

### 9-11.152 Requests by Subjects and Targets to Testify Before the Grand Jury

It is not altogether uncommon for subjects or targets of the grand jury's investigation, particularly in white-collar cases, to request or demand the opportunity to tell the grand jury their side of the story. While the prosecutor has no legal obligation to permit such witnesses to testify, *United States v. Leverage Funding System, Inc.*, 637 F.2d 645 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981); *United States v. Gardner*, 516 F.2d 334 (7th Cir. 1975), *cert. denied*, 423 U.S. 861 (1976)), a refusal to do so can create the appearance of unfairness. Accordingly, under normal circumstances, where no burden upon the grand jury or delay of its proceedings is involved, reasonable requests by a "subject" or "target" of an investigation, as defined above, to testify personally before the grand jury ordinarily should be given favorable consideration, provided that such witness explicitly waives his or her privilege against self-incrimination, on the record before the grand jury, and is represented by counsel or voluntarily and knowingly appears without counsel and consents to full examination under oath.

Such witnesses may wish to supplement their testimony with the testimony of others. The decision whether to accommodate such requests or to reject them after listening to the testimony of the target or the subject, or to seek statements from the suggested witnesses, is a matter left to the sound discretion of the grand jury. When passing on such requests, it must be kept in mind that the grand jury was never intended to be and is not properly either an adversary proceeding or the arbiter of guilt or innocence. *See, e.g., United States v. Calandra*, 414 U.S. 338, 343 (1974).

### 9-11.153 Notification of Targets

When a target is not called to testify pursuant to USAM 9-11.150, and does not request to testify