UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROAD-BUSSEL FAMILY LIMITED PARTNERSHIP, MARIE LOUISE MICHELSOHN, MICHELLE MICHELSOHN and HERBERT BLAINE LAWSON, JR., Individually and on Behalf of All Other Persons and Entries Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>BAYOU GROUP LLC, BAYOU MANAGEMENT LLC, BAYOU FUND, LLC, BAYOU SUPER FUND, LLC, BAYOU NO LEVERAGE FUND LLC, BAYOU AFFILIATES FUNDS, LLC, BAYOU ACCREDITED FUND, LLC, BAYOU OFFSHORE FUND, LLC, BAYOU PARTNERS LLC, BAYOU SECURITIES LLC, BAYOU SECURITIES, LTD, BAYOU ADVISORS, LLC, BAYOU EQUITIES, LLC, IM PARTNERS, IMG, LLC, SAMUEL ISRAEL, III, DANIEL E. MARINO, RICHMOND-FAIRFIELD ASSOCIATES, CPA, PLLC, JAMES G. MARQUEZ, JEFFREY D. FOTTA, EQYTY RESEARCH AND MANAGEMENT, LLC, EQYTY RESEARCH AND MANAGEMENT LTD, CITIBANK N.A., HENNESSEE GROUP LLC, ELIZABETH LEE HENNESSEE, CHARLES J. GRADANTE, and STERLING STAMOS CAPITAL MANAGEMENT, L.P.,<br><br>Defendants. | Case No. 305CV1762 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>December 9, 2005 |

**DEFENDANT STERLING STAMOS CAPITAL MANAGEMENT, L.P.'S**
**MOTION FOR A PRE-MOTION CONFERENCE**

Pursuant to Section (f) of the Court's Order on Pretrial Deadlines, defendant Sterling Stamos Capital Management, L.P. ("Defendant") hereby requests a telephonic pre-motion conference in connection with the filing of Defendant's proposed motion to dismiss, which will be based on the following grounds.

{00178086; 1; 7413-2} 10021697.1

First, pursuant to FED. R. CIV. P. 12(b)(1), Defendant contends that this Court lacks subject matter jurisdiction because there is no federal question and no diversity between Defendant and the proposed representatives for the putative Sterling Stamos Subclass.

Second, pursuant to FED. R. CIV. P. 12(b)(2), Defendant contends that this Court lacks personal jurisdiction over Defendant because, among other reasons, the proposed representatives for the putative Sterling Stamos Subclass are New York residents and therefore cannot invoke Connecticut's long-arm statute to sue Defendant, a foreign partnership, in Connecticut.

Third, pursuant to FED. R. CIV. P. 12(b)(6), Defendant contends that the Connecticut Unfair Trade Practices claim fails as a matter of law principally because New York law applies. In addition, the breach of fiduciary duty and negligence claims fail principally because the allegations are insufficient to create any actionable duty under New York law. Finally, the breach of oral contract, breach of the implied covenant of good faith and fair dealing, and restitution claims fail principally because the Complaint does not adequately allege that Defendant received consideration for supposedly providing investment advice to the putative Sterling Stamos Subclass.

For each of the above-stated reasons, Defendant respectfully requests that this Court grant the Motion for a Pre-Motion Conference.

DEFENDANT STERLING STAMOS
CAPITAL MANAGEMENT, L.P.

By: /s/ Patrick J. McHugh
    Patrick J. McHugh (ct14072)
    Finn Dixon & Herling LLP
    One Landmark Square, Suite 1400
    Stamford CT 06901
    Telephone: (203) 325-5000
    Facsimile: (203) 348-5777
    E-mail: pmchugh@fdh.com

- and -

Sung-Hee Suh*
James Breitenbucher*
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
E-mail: Sung-Hee.Suh@srz.com

* *pro hac vice* applications pending