USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re Bayou Hedge Fund Litigation                    06 MDL 1755 (CM)(MDF)

---------------------------------------------------------------x

This Document Relates To:

BROAD BUSSEL FAMILY LIMITED
PARTNERSHIP, ET AL.,

        Plaintiffs,

    -against-                                                         06 Civ. 3026 (CM)(MDF)

BAYOU GROUP, LLC, et al.,

        Defendants.

---------------------------------------------------------------x

## DECISION AND ORDER DENYING MOTION
## FOR STAY BY JAMES G. MARQUEZ

McMahon, J.:

    Defendant James G. Marquez has moved to stay the prosecution of the above-captioned lawsuit against him (and only against him) pending resolution of a criminal investigation in which, according to his counsel, he has been identified as a "target."[1]

    The motion is denied.

    In deciding whether to stay a civil action while a defendant is under criminal investigation, courts look at six factors: the extent to which the issues in the criminal and civil cases overlap; the status of the criminal case, especially whether the defendant has been indicted; the private interest of the plaintiff is proceeding expeditiously, weighed against the prejudice caused by the delay; the private interest and burden on the defendant; the public interest; and the interest of the court in the efficient management of its cases. JHW Greentree Capital, L.P. v. Wittier Trust Co., No. 05 Civ. 2985 (HB), 2005 U.S.Dist. LEXIS 14687 at *2-3 (S.D.N.Y. June

---

[1] By using that word and citing to the United States Attorneys' Manual, counsel creates the impression that Mr. Marquez has received a target letter from the United States Attorney. The court so interprets counsel's statements.

22, 2005).

The complaint in the Broad-Bussel class action alleges that defendant Marquez was involved in the early stages of the massive fraud perpetrated by the Bayou hedge funds and their principals, and specifically alleges that Marquez assisted in setting up one of the key elements of that fraud: the creation of a bogus accounting firm to produce fake audit reports that defendant Samuel Israel could use to drum up new investments. Marquez also alleged agreed to a scheme that enables Bayou to conceal part of its losses. The amended complaint in the instant action alleges that Marquz remained involved with Bayou until 2004, although Marquez claims to have left the group earlier.

Unlike Israel and Daniel Marino, the principal of the phony audit firm, Marquez has not been indicted. However, his lawyers claims to be in discussions with the United States Attorney in connection with the latter's criminal investigation of Marino. I accept that representation as true for purposes of this motion.

From the public press, and on the record before me, it appears that there is substantial overlap, if not identity, between the subject matter of the class action and the pending criminal investigation. And I recognize that the lack of an indictment is no bar to the imposition of a stay. Sterling National Bank v. A-1 Hotels International, Inc., et al., 175 F. Supp. 573 (S.D.N.Y. 2001). The fact that the defendant is a "target" makes him a putative criminal defendant in a criminal action. U.S. Attorney's Manual, §9-11.151. If there is any evidence at all supporting the allegations of the complaint, Marquez's apprehension that he will be put in a position of choosing between the assertion of his Fifth Amendment rights and testifying in this civil action is quite real.

But Marquez's application for a stay is at best premature. He is concerned about having to choose between testifying and asserting his Fifth Amendment privilege, but there is absolutely no danger that the defendant will be deposed in the near future. The parties are presently briefing motions to dismiss. There will also have to be a decision on class certification prior to any merits discovery in the Broad-Bussel action. There is absolutely no reason to exempt Marquez from participating in these opening jousts: such preliminaries have no impact on his Fifth Amendment rights, and it is in no one's interest, certainly not this court's, to dive headlong into a multi-district case, only to have one defendant make a motion to dismiss months after all other such motions have been determined.

And when we do reach discovery (which I hope will be this fall), Marquez can participate in that process (which will no doubt involve the production of numerous documents and the deposition of quite a few witnesses) while his negotiations with the United States Attorney run their course. Marquez himself need not be the first witness deposed. Indeed, the Magistrate Judge who is supervising discovery – if he is persuaded that it would be advisable to delay Marquez's examination before trial – can take steps to ensure that Marquez's deposition is postponed until the present discussions are concluded one way or the other. This might enable the criminal process to run its course. If Marquez is forced to testify while discussions continue, and he exercises his Fifth Amendment rights (as he undoubtedly will if his situation remains

parlous), that decision is not irrevocable up to an including the day he is called to testify at the trial of this action.

    Plaintiffs have an interest in as prompt an adjudication of their claims as can be arranged. And this Court has an interest in seeing that these transferred cases are prepared for trial and then returned to the courts from whence they came. If Marquez is ever indicted, either Judge Fox or I would be prepared to entertain a renewed application for a stay of proceedings against him. I am not, however, prepared to stay them today.

    This constitutes the decision and order of the court.

Dated: June 6, 2006

                                                          U.S.D.J.

BY FAX TO ALL COUNSEL
BY HAND TO MAGISTRATE JUDGE FOX