UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION | : | 06 MD 1755 (CM) |
| ---------------------------------------------------------------- X | | |
| THIS DOCUMENT RELATES TO: | | |
| ---------------------------------------------------------------- X | | |
| BROAD-BUSSEL FAMILY LIMITED PARTNERSHIP, MARIA LOUISE MICHELSOHN, MICHELLE MICHELSOHN, and HERBERT BLAINE LAWSON, JR., Individually and on Behalf of All Other Persons and Entities Similarly Situated, | : | No. 06 Civ. 3026 (CM) |
| Plaintiffs, | | |
| vs. | | |
| BAYOU GROUP LLC, et al., | : | **Electronically Filed** |
| Defendants. | | |

### DEFENDANT ELIZABETH LEE HENNESSEE'S BRIEF IN SUPPORT OF THEIR MOTION TO DETERMINE THE ELIGIBILITY OF CLAIMS OF PUTATIVE CLASS MEMBERS FOR NASD ARBITRATION

Defendant Elizabeth Lee Hennessee ("Defendant") hereby files her brief in support of their motion to determine the eligibility of claims of putative class members Travis Co. J.V., Roger Hill, Sr. and Christopher Hill ("Putative Class Members") for NASD arbitration and, in support thereof, states as follows:

1. Elizabeth Lee Hennessee is currently a named defendant in the following actions, now pending before this Court:

    a.  *DePauw University v. Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee*

    b.  *South Cherry Street, LLC v. Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee*

    c.  *Broad Bussel Family Ltd. P'Ship, et. al. v. Bayou Group, LLC, et. al.* ("Putative Class Action").

    2.  At the status conference on April 28, 2006, this Court was made aware of another individual action, captioned *Travis Co. J.V., Roger Hill, Sr. and Christopher Hill v. Hennessee Group, LLC, Charles Gradante and Elizabeth Lee Hennessee* ("Putative Class Members' Individual Court Action"), currently pending in the Western District of Texas. (See ¶ 3 of the Decl. of Matthew Wolper and Exhibit A attached thereto). This lawsuit, like all of those referenced above, relates to the Putative Class Members' investment in the Bayou hedge funds.

    3.  On May 30, 2006, after learning of the Putative Class Members' Individual Court Action, the Judicial Panel on Multidistrict Litigation ("JPMDL") issued a "Conditional Order of Transfer." (See ¶ 4 of the Decl. of Matthew Wolper and Exhibit B attached thereto). The Putative Class Members have since filed an opposition to the Conditional Order of Transfer, which has yet to be resolved by the JPMDL.

    4.  On or about April 21, 2006, three days after the JPMDL entered its "initial" Transfer Order[1], the Putative Class Members also commenced an NASD arbitration solely against Defendant in her individual capacity based on her registration with the Bank of New York, notwithstanding that none of the allegations relate to her activities with the Bank of New York. (See ¶ 5 of the Decl. of Matthew Wolper and Exhibit C attached thereto). <u>The allegations</u>

---

[1] As the Court will recall, the initial Transfer Order was issued by the JPMDL on April 18, 2006. The Putative Class Members' Individual Action was not among the cases centralized by the initial Transfer Order because it had not yet been filed at the time the motion for centralization was filed by the Broad Bussel class action plaintiffs.

contained within the NASD Statement of Claim are substantively identical to those raised in the Individual Court Action. (See Exhibit C, attached to the Decl. of Matthew Wolper).

5. By filing the NASD arbitration, the Putative Class Members seek to bifurcate the proceedings in an attempt to thwart the jurisdiction of this Court. However, this attempt at an end run around this Court's jurisdiction is improper under the NASD rules because the claims alleged in the Putative Class Member's Statement of Claim filed with the NASD are encompassed by the Putative Class Action.

6. NASD Code of Arbitration Rule 10301(d)(2) provides:

> Any claim filed by a member or members of a putative or certified class action is also <u>ineligible for arbitration</u> at the Association if the claim is <u>encompassed by a putative or certified class action filed in federal or state court</u>…
>
> However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court. (emphasis added).[2]

5. To date, the Putative Class Members have not made a formal election to forego participation in the class action or petitioned this Court to withdraw from the putative class. Since the Putative Class Members dispute that their claims are encompassed by the Putative Class Action, the NASD Code of Arbitration Procedure provides the parties with their recourse.

NASD Code of Arbitration Procedure Rule 10301(d)(2) provides:

> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. <u>Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes</u>. (emphasis added).

7. Defendant has elected to submit this issue to the Court for its consideration. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.[3]

8. The Court also has personal jurisdiction over the Putative Class Members for three reasons. First, the Putative Class Members executed an NASD Uniform Submission Agreement, agreeing to be bound by the "Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure" of the NASD, which provide that Defendant may petition the Court to resolve this dispute. (See ¶ 6 of the Decl. of Matthew Wolper and Exhibit D attached thereto). Thus, the Putative Class Members have conceded that the Court has personal jurisdiction. Second, a transferee MDL court presiding over a class action has personal jurisdiction over unnamed putative class members. See <u>Ocwen Federal Bank FSB Mortgage Servicing Litigation</u>, 397 F. Supp.2d 964 (N.D. Ill. 2005); <u>see</u> also <u>In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation</u>, 333 F.3d 763, 768 (7th Cir. 2003) (holding that putative class members are bound by rulings by the court presiding over the class action). Notably, the law firm representing the Putative Class Members also represented some of the plaintiffs in the <u>Ocwen</u> case. Finally, The Putative Class Members' individual court action has been

---

[2] In addition to the fact that the Putative Class Members' claims are ineligible for NASD arbitration, the parties are bound by a valid arbitration agreement, which provides that the parties are required to arbitrate any disputes before the American Arbitration Association, not the NASD.

[3] In the Putative Class Members' Individual Court Action, they have alleged a cause of action under Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder. To the extent the JPMDL denies

conditionally transferred to this Court. Although the Putative Class Members have filed an opposition, Defendant is confident that it will be denied because a substantively similar opposition filed by DePauw University was already considered and denied by the JPMDL. Additionally, the Putative Class Members submitted a notice of opposition prior to the date of the Conditional Order of Transfer. Presumably, the JPMDL already considered their objections and found them to be without merit.

WHEREFORE, in accordance with NASD Code of Arbitration Procedure Rule 10301(d)(2), Defendant respectfully requests that the Court enter an Order providing that the claims alleged in the Putative Class Members' NASD arbitration are encompassed by the Putative Class Action and are therefore ineligible for arbitration before the NASD.

Respectfully submitted,

By:    /S/ Matthew Wolper
Lawrence E. Fenster (LF 9378)
Matthew C. Plant  (MP 0328)
Matthew Wolper (MW 8835)
Bennett Falk (BF 5539)
BRESSLER, AMERY & ROSS
2801 SW 149th Avenue, Suite 300
Miramar, Florida 33027
Attorney for Defendants
Hennessee Group, LLC,
Elizabeth Lee Hennessee and
Charles Gradante

---

the Putative Class Members' opposition to centralization – which we anticipate they will – this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2006, a copy of the *Motion to Determine the Eligibility of Claims of Putative Class Members for NASD Arbitration* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/S/_____
Matthew Wolper (MW 8835)