UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

                         :

IN RE BAYOU HEDGE FUND INVESTMENT   :     06 MD 1755 (CM)
LITIGATION                                 :

-------------------------------------------------------------- X

THIS DOCUMENT RELATES TO:

-------------------------------------------------------------- X
                         :

BROAD-BUSSEL FAMILY LIMITED       :     No. 06 Civ. 3026 (CM)
PARTNERSHIP, MARIA LOUISE         :
MICHELSOHN, MICHELLE MICHELSOHN, and :
HERBERT BLAINE LAWSON, JR., Individually :     ORAL ARGUMENT REQUESTED
And on Behalf of All Other Persons and Entities :
Similarly Situated,                :
                         :
        Plaintiffs,        :
                         :
    vs.                 :
                         :
BAYOU GROUP LLC, et al.,       :     **Electronically Filed**
                         :
    Defendants.       :

_____ :

---

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS HENNESSEE
GROUP LLC, ELIZABETH LEE HENNESSEE AND CHARLES J. GRADANTE'S MOTION
TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

---

BRESSLER, AMERY & ROSS
17 State Street, 34th Floor
New York, New York  10004
(212) 425-9300
Attorneys for Defendants
Hennessee Group, LLC,
Elizabeth Lee Hennessee and
Charles J. Gradante

On the Brief:  Lawrence E. Fenster (LF 9378)
              Matthew C. Plant (MP 0328)

TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................ii

INTRODUCTION .............................................................................................................1

SUMMARY OF ARGUMENT...........................................................................................1

STATEMENT OF FACTS..................................................................................................2

LEGAL ARGUMENT.......................................................................................................2

I.     NEW YORK'S CHOICE OF LAW ANALYSIS SHOULD BE APPLIED
       HERE......................................................................................................................2

II.    HENNESSEE GROUP PROPERLY RELIES ON SECTION 33-929(F),
       *CONNECTICUT GENERAL STATUTES*, WHICH DOES NOT PROVIDE
       A BASIS FOR LONG-ARM JURISDICTION OVER
       HENNESSEE GROUP, LLC, A NON-RESIDENT ENTITY...........................................5

III.   EVEN UNDER CONNECTICUT LAW, PLAINTIFF'S CLAIMS
       AGAINST   THE   INDIVIDUAL   DEFENDANTS   ARE   NOT
       SUFFICIENT TO PIERCE THE CORPORATE VEIL....................................................8

IV.    PLAINTIFF'S CUTPA CLAIMS ARE BARRED.........................................................10

V.     PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIMS SHOULD
       BE DISMISSED.......................................................................................................12

VI.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO PROPERLY
       PLEAD A CLAIM FOR NEGLIGENCE AGAINST THE HENNESSEE
       DEFENDANTS .......................................................................................................13

       A.   PLAINTIFF'S NEGLIGENCE CLAIM IS BARRED BY THE
            AREEMENT'S EXCULPATORY CLAUSE...........................................................13

       B.   PLAINTIFF HAS NOT ADEQUATELY PLED PROXIMATE
            CAUSE ..........................................................................................................14

VII.   PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF
       GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.............................. 16

VIII.  APART FROM PLAINTIFF'S CLAIM FOR RESCISSION UNDER
       THE INVESTMENT ADVISORS ACT, PLAINTIFF DOES NOT DISPUTE
       THAT CERTAIN OF ITS CLAIMS ARE BARRED
       BY THE APPLICABLE STATUTE OF LIMITATIONS............................................. 17

CONCLUSION ...............................................................................................................19

## TABLE OF AUTHORITIES

### Federal Cases

AT&T Co. v. City of New York
    83 F.3d 549 (2d. Cir. 1996) ...................................................................................14

Banco Espirito Santo De Investimento, S.A. v. Citibank, N.A.
    03 Civ. 1537, 2003 WL 23078888 (S.D.N.Y. 2003) ...........................................13

Brock Equities Ltd. v. Josephthal, Lyon & Ross, Inc.
    92 Civ. 8588, 1995 WL 380097 (S.D.N.Y. 1995) ...............................................13

Caraballo v. U.S.
    830 F.2d 19 (2d. Cir. 1987) ...................................................................................15

Chateau Hip, Inc.v. Gilhuly
    95 Civ. 10320, 1996 WL 437929 (S.D.N.Y. 1996) .............................................13

deCiutiis v. NYNEX Corp.
    95 Civ. 9745, 1996 U.S. Dist. LEXIS 13122 (S.D.N.Y. 1996)............................16

Flickinger v. Harold C. Brown & Co.
    947 F. 2d 595 (2d Cir. 1991) ..........................................................................12, 13

Glusband v. Fittin Cunningham Lauzon, Inc.
    582 F. Supp. 145 (S.D.N.Y. 1984).......................................................................14

Greystone v. First Union National Bank
    No. 3:00CV871 (CFD), 2002 U.S. Dist. LEXIS 2529 (D.Conn. 2002) ...............11

Harris v. Wells
    832 F. Supp. 31 (D. Conn. 1993)............................................................................7

Hottinger v. Amcoal Energy Corp.
    No. 89 Civ. 6391, 1992 WL 349851 (S.D.N.Y. Nov. 10, 1992)....................17, 18

In re September 11 Litigation
    280 F. Supp.2d 279 (S.D.N.Y. 2003)....................................................................15

In re The Drexel Bernham Lambert Group, Inc.
    151 B.R. 49 (S.D.N.Y. 1993) ...............................................................................13

Jaret Ltd. v. U.S.
    No. 91 Civ. 0181, 1991 WL 156372 (S.D.N.Y. 1991) .........................................15

Kahn v. Kohlberg, Kravis, Roberts & Co.
   970 F.2d 1030 (2d Cir. 1992) ....................................................................... 17, 18

Lechner v. Capital Group Companies
   No. 3:05 CV 1410, 2006 WL 1525967 (D. Conn. May 26, 2006) ..................... 6, 7

MDC Holdings, Inc. v. Credit Suisse First Boston Corp.
   216 F.Supp. 2d 251 (S.D.N.Y. 2002)................................................................... 16

M & D Information Systems, Inc. v. The Tower Group, Inc.
   No. 3:05 CV 552, 2006 WL 752880 (D. Conn. Mar. 21, 2006).............................. 7

Nuclear Management Corp. v. Combustion Engineering, Inc.
   No. 3:94CV00403, 1997 U.S. Dist. LEXIS 970 (D.Conn. 1997).......................... 11

Olsavsky v. Casey
   Civ. No. 5-92-324, 1992 WL 262573 (D.Conn. 1992) .................................. 11, 12

Sadler v. Rowland
   No. 3:01 CV 1786, 2004 WL 2061127 (D. Conn. Sep. 13, 2004) ......................... 7

Smith Barney v. Lichtensteinische Landesbank
   No. 92 Civ. 2528, 1993 WL 97286 (S.D.N.Y. 1993) ......................................... 16

Vertrue Inc. v. Meshkin
   3:05cv1809, 2006 U.S. Dist. LEXIS 24844 (D. Conn. Apr. 27, 2006) .................. 3

Woodling v. Garrett Corp.
   813 F. 2d 543 (2d Cir. 1987) .............................................................................. 4

### State Cases

Angelo Tamasso, Inc. v. Armor Construction & Paving, Inc.
   187 Conn. 544 (1982) .......................................................................................... 9

Champaigne v. Scarso
   No. CV 970348470, 1999 WL 732516 (Conn. Super. 1999)................................. 12

Davenport v. Quinn,
   53 Conn. App. 282 (1999)...................................................................................... 9

Emma Rosina, LLC v. Bilides Building & Excavating, LLC
   CV020462796S, 2002 WL 31898066 (Conn. Super. 2002) ................................... 9

Hartford Fire Insur. Co. v. United Restoration, LLC
    No. CV 020813517, 2003 WL 1962864 (Conn. Super. April 4, 2003) ..................................6

Jannetty Racing Enterprises, Inc. v. Site Development Technologies, LLC
    CV054004820S, 2006 WL 410973 (Conn. Super. Jan. 31, 2006) ....................................9, 10

Medcalf v. Washington Heights Condominium Assoc., Inc.,
    57 Conn. App. 12 (Conn. App. 2000). ................................................................................15

Mossberg v. Union Trust Company
    No. CV-93-0520230 S, 1994 Conn. Super. LEXIS 1236 (1994) .........................................11

Nadler  v. Grayson Construction Co.
    No. CV 020190015S, 2003 WL 1963158 (Conn. Super. April 15, 2003) .............................6

New Milford Savings Bank v. Lois Zandy et al.
    No. CV990078766S, 2001 WL 79830 (Conn.Super. 2001)..................................................16

Russel v. Dean Witter Reynolds, Inc.,
    200 Conn. 172 (1986) ..........................................................................................................12

Swain v. American Capital Strategies, Ltd., et al.
    No. X04 CV 030103924S (Conn. Super. August 4, 2004) ....................................................6

### State Statutes

Conn. Gen. Stat. § 33-929(f) ........................................................................................1, 6, 7, 8

Conn. Gen Stat. § 52-59b(a)........................................................................................5, 6, 7, 8

iv

INTRODUCTION

Plaintiff filed its Opposition to the Hennessee Defendants' Motion to Dismiss on June 30, 2006 ("Plaintiff's Opposition").[1]  The Hennessee Defendants submit this memorandum in further support of their motion, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Amended Complaint.

SUMMARY OF ARGUMENT

Plaintiff's arguments fail to overcome the Hennessee Defendants' Motion for the following reasons:

First, contrary to Plaintiff's argument, New York's choice of law analysis should be applied here.  Even if Connecticut's choice of law analysis is applied the result is the same – New York law should be applied.  See Point I.  Second, the Hennessee Group properly relies on Section 33-929(f), *Connecticut General Statutes*, which precludes the imposition of long-arm jurisdiction over Hennessee Group, LLC, a non resident entity.  See Point II.  Third, even under Connecticut law, plaintiff's conclusory allegations, without more, are not sufficient to pierce the corporate veil and impose liability on the individual defendants.  See Point III.  Fourth, Plaintiff's CUTPA claims are barred because the gravamen of Plaintiff's claims alleges wrongful conduct in the purchase of securities.  See Point IV.  Fifth, Plaintiff fails to cite a single authority that defeats the Hennessee Defendants' Motion to Dismiss Plaintiff's breach of fiduciary duty claims.  See Point V.  Sixth, Plaintiff's negligence claim is barred by the exculpatory clause

---

[1] Although Plaintiffs assert that the Opposition is filed on behalf of Broad-Bussel Family Partnership as well as Maria Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr. (see Opp. to Mot. to Dismiss at 1), Broad-Bussel is the only Plaintiff with claims against the Hennessee Defendants.  Because the Amended Complaint does not contain any allegations against the Hennessee Defendants by Maria Louise Michelsohn, Michelle Michelsohn or Herbert Blaine Lawson, Jr., any purported claims by them should be dismissed.

1

800305_1

contained within the Advisory Agreement and Plaintiff fails adequately to plead proximate cause. <u>See</u> Point VI.  Seventh, Plaintiff fails to address the basis for the Hennessee Group's Motion to Dismiss Plaintiff's breach of implied covenant of good faith and fair dealing claim, which should be dismissed.  <u>See</u> Point VII.  Similarly, Plaintiff does not dispute that all but its Investment Advisory Act claims  are barred by the applicable statute of limitations, and with respect to these claims, Plaintiff is incorrect.  <u>See</u> Point VIII.

STATEMENT OF FACTS

The Hennessee Defendants hereby incorporate the Statement of Facts contained in their Memorandum of Law in Support of their Motion to Dismiss as if set forth herein.   The Hennessee Defendants also incorporate the facts contained in the Supplemental Declaration of Charles Gradante, dated June 17, 2006 (the "Gradante Supp. Dec.") as if set forth herein.

LEGAL ARGUMENT

**I.** <u>NEW YORK'S CHOICE OF LAW ANALYSIS SHOULD BE APPLIED HERE</u>

For the reasons stated in Defendants' Memorandum (<u>see</u> Def. Mem. at 6-8), New York's choice of law analysis governs this dispute.   In its Opposition, Plaintiff contends that Connecticut's choice of law analysis should apply. (<u>See</u> Opp. to Mot. to Dismiss at 11-13) Even the application of Connecticut's choice-of-law analysis, however, dictates the application of New York law.  Plaintiff's position is flawed because it entirely relies upon the location of Bayou rather than the place of injury, the location of the parties (<u>i.e.</u>, Plaintiff and the Hennessee Defendants) and the fact that "the most significant relationship to the occurrences and the parties" is New York.

In applying choice of law principles, Connecticut courts consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile,

2

residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." <u>Vertrue Inc. v. Meshkin</u>, 3:05cv1809, 2006 U.S. Dist. LEXIS 24844 *65 (D. Conn. Apr. 27, 2006)

Plaintiff concedes that the alleged injury and the conduct causing the alleged injury is the Hennessee Defendants' allegedly deficient due diligence. (<u>See</u> Opp. to Mot. to Dismiss at 12.) Contrary to Plaintiff's unsupported assertion, however, the due diligence at issue in this case took place primarily in New York. <u>See</u> Declaration of Charles Gradante dated May 31, 2006 ¶ 6 (the "Gradante Dec."). The mere fact that the <u>location</u> of the hedge fund that was the subject of such due diligence was Connecticut does not support Plaintiff's bald assertion that Hennessee Group's <u>due diligence</u> took place in Connecticut. The undisputed statement of Charles Gradante (<u>see</u> Gradante Decl. ¶6) and common sense dictate that the work of the Hennessee Defendants, including the due diligence and monitoring criticized in the Amended Complaint, primarily took place in Defendants' office, located in New York.

Further, Plaintiff fails to address the third prong of the analysis — consideration of the domicile, residence, nationality, place of incorporation and place of business of the parties. The Individual Defendants are both residents and domiciliaries of New York. The Hennessee Group is incorporated and has its principal place of business in New York. In fact, <u>none</u> of the parties involved in Plaintiff's claims against the Hennessee Defendants are individuals who are residents of or entities that are incorporated in or have a place of business in Connecticut (including Plaintiff which is a organized under the laws of North Carolina with registered offices located in Chapel Hill, North Carolina, <u>see</u> Am. Compl. ¶ 15.).

Plaintiff's reliance on the location of Bayou to argue that the parties' relationship centered in Connecticut is belied by allegations in the Amended Complaint showing that

Connecticut was only incidental to the parties relationship.  Plaintiff states, for example, that its relationship with the Hennessee Group encompassed consultation regarding asset allocation, manager selection, ongoing monitoring and asset reallocation.  See Am. Compl. ¶ 39.  It is not disputed, however, that these activities took place almost exclusively in New York. (See Gradante Supp. Decl. ¶6.)  Further, in the course of their relationship, the Hennessee Group provided advisory services to Plaintiff in connection with several hedge funds in which Plaintiff invested.  See the Gradante Supp. Dec. ¶ 3.  Four such hedge funds were located in New York. See Gradante Supp. Dec. ¶ 3.  Five additional such hedge funds were located in states or foreign territories other than New York or Connecticut, including Florida, Wisconsin, California and Massachusetts and Bermuda.  See Gradante Supp. Dec. ¶ 3.  The parties' relationship was thus centered in New York, where the Hennessee Defendants conducted their business—not the five other states or foreign territory where Plaintiff happened to invest in hedge funds.

Plaintiff's argument concerning the choice-of-law provision contained in the Advisory Agreement is likewise unavailing.  Plaintiff argues, without support, that because it seeks rescission of the Agreement as a remedy for one of its causes of action, its pleading prohibits reliance on the Agreement's choice-of-law clause.  In fact, the Second Circuit Court of Appeals held in Woodling v. Garrett Corp., 813 F. 2d 543, 552 (2d Cir. 1987) that "[t]he issue of the validity and enforceability or voidability of a [contract (a release in Woodling)] are plainly matters of substance as to which the parties' choice of law will be honored."  Rejection of a contract term on the speculative basis that at some point in the future the term may be voided, is baseless.   In fact, Plaintiff relies for its breach of contract and other claims upon the very terms of the Agreement that it now argues the Court should ignore.

Plaintiff's contention that the choice-of-law provision does not apply to the Individual Defendants is also belied by the allegations of the Amended Complaint. There, Plaintiff repeatedly alleges, in conclusory fashion, that the Individual Defendants were the alter egos of the Hennessee Group (see Am. Compl. ¶¶ 5, 94 and 113), controlled the Hennessee Group (see Am. Compl. ¶¶ 5, 42 and 113), dominated the Hennessee Group (see Am. Compl. ¶ 113), and that "the acts and omissions of the Hennessee Dominated Entity should be attributed to defendants Lee Hennessee and Gradante personally." See Am. Compl. ¶ 113. Plaintiff even cites to these allegations in its Summary of Pertinent Facts contained on page 5 of its Opposition. As stated above, Plaintiff seeks to hold the Individual Defendants liable for all of the acts and omissions of the Hennessee Group, including its alleged breach of contract. At the same time, Plaintiff contends that the Individual Defendants are precluded from relying upon the terms of that contract. Defendants submit that Plaintiff's argument regarding the Individual Defendants is as baseless as it is with respect to the Hennessee Group.

For these reasons, and those set forth in the Hennessee Defendants' Memorandum, New York has "the most significant relationship to the occurrences and the parties" Vertrue, 2006 U.S. Dist. LEXIS 24844 *65, the Agreement's shoice of law clause is enforceable, and therefore the Court should apply New York law in deciding the Hennessee Defendants' Motion to Dismiss.

II. HENNESSEE GROUP PROPERLY RELIES ON SECTION 33-929(F),
   *CONNECTICUT GENERAL STATUTES*, WHICH DOES NOT PROVIDE
   A BASIS FOR LONG-ARM JURISDICTION OVER
   HENNESSEE GROUP, LLC, A NON-RESIDENT ENTITY

Plaintiff's Opposition claims that Conn. Gen Stat. § 52-59b(a), a long-arm statute that applies to "nonresident individuals, foreign partnerships and foreign voluntary associations"

should be applied here rather than Section 33-929(f), the long-arm statute relied upon by Hennessee Group in its Motion to Dismiss, which applies to foreign limited liability corporations such as Hennessee Group.  Plaintiff is incorrect.

Section 33-929(f), titled "Service of Process on Foreign Corporation," provides in relevant part, that "[e]very foreign <u>corporation</u> shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state."  Conn. Gen. Stat. § 33-929(f) (emphasis added).  Indeed, Section 33-929(f) is the applicable long-arm statute under the facts of this case.  Although some Connecticut courts, including the Court in <u>Nadler  v. Grayson Construction Co.</u>, No. CV 020190015S, 2003 WL 1963158, *5 (Conn. Super. April 15, 2003), cited by Plaintiff (<u>see</u> Opp. to Mot. to Dismiss at 14), have held that Section 52-59b(a) <u>may</u> be used to determine whether long-arm jurisdiction exists over a limited liability corporation, the most recent court to address this issue and the weight of relevant Connecticut authority apply Section 33-929(f).  <u>See Lechner v. Capital Group Companies</u>, No. 3:05 CV 1410, 2006 WL 1525967, *2 (D. Conn. May 26, 2006) (holding that Section 33-929(f) is the long-arm statute applicable to limited liability corporations); <u>Swain v. American Capital Strategies, Ltd., et al.</u>, No. X04 CV 030103924S, *7 (Conn. Super. August 4, 2004) (same); <u>Hartford Fire Insur. Co. v. United Restoration, LLC</u>, No. CV 020813517, 2003 WL 1962864, *5 (Conn. Super. April 4, 2003) (same).

By its very nature, Hennessee Group, a foreign limited liability <u>corporation</u>, is more akin to a "foreign corporation," as envisioned by Section 33-929(f), than an "association" or "individual" under Section 52-59b(a).  While the <u>Nadler</u> court applied Section 52-59b(a) to analyze the long-arm jurisdiction of a limited liability corporation, even that court conceded that "the issue is not free from doubt."  <u>Nadler  v. Grayson Construction Co.</u>, No. CV 020190015S,

6

2003 WL 1963158, *5 (Conn. Sup. April 15, 2003). Defendants submit that the jurisdictional analysis of Section 33-929(f) applies to the Hennessee Group and for the reasons set forth in the Hennessee Defendants' memorandum (See Def. Mem. at 8-9), precludes the exercise of long-arm jurisdiction.

Even assuming, *arguendo*, that this Court applies Section 52-59b(a), however, Plaintiff fails to allege facts in the Amended Complaint sufficient to support a finding that Hennessee Group either: (1) transacts business in Connecticut or (2) committed a tortious act in Connecticut, as is required by the statute. Because Plaintiff did not submit an affidavit in opposition to the Hennessee Defendants' Motion to Dismiss, the Court is limited to the allegations contained within the Amended Complaint. See M & D Information Systems, Inc. v. The Tower Group, Inc., No. 3:05 CV 552, 2006 WL 752880, *1 (D. Conn. Mar. 21, 2006) (holding that when considering a motion to dismiss without an evidentiary hearing, the plaintiff is required to allege sufficient facts in the complaint and/or affidavit to support a finding of personal jurisdiction); see also Lechner, No. 3:05 CV 1410, 2006 WL 1525967, * 1 (holding that a plaintiff bears the burden of establishing personal jurisdiction over all defendants). Although Plaintiff cites paragraphs 5 and 13 of the Amended Complaint in support of the proposition that Hennessee Group transacted business in Connecticut, paragraph 5 alleges conduct by Hennessee Group that occurred outside of Connecticut and paragraph 13 solely contains unsupported conclusory allegations. See Am. Compl. at ¶¶ 5, 13. See Sadler v. Rowland, No. 3:01 CV 1786, 2004 WL 2061127 (D. Conn. Sep. 13, 2004) (holding that vague and conclusory allegations are not enough to establish personal jurisdiction), citing Harris v. Wells, 832 F. Supp. 31, 34 (D. Conn. 1993).

Plaintiff also fails to plead sufficient facts to support a finding that Hennessee Group committed a tortious act in Connecticut. The crux of Plaintiff's allegations is that Hennessee Group failed to perform proper due diligence on Bayou, a Connecticut based hedge fund and, therefore, is subject to personal jurisdiction in Connecticut. Under the express language of Section 52-59b(a), however, where the alleged tortious act occurs outside of Connecticut and does not cause injury within the state, personal jurisdiction does not attach. See Conn. Gen. Stat. § 52-59b(a). As set forth in the Declaration of Charles Gradante, the due diligence performed on the Bayou hedge funds occurred almost exclusively in New York, not Connecticut. See Gradante Decl. at ¶ 6.

Further, Plaintiff attempts to divert the Court's attention from Hennessee Group's lack of contacts with Connecticut by repeatedly referring to the acts of Bayou (see Opp. to Mot. to Dismiss at 11-12) is misplaced. Bayou's misconduct has absolutely no bearing on whether Hennessee Group is subject to jurisdiction in Connecticut. Accordingly, no personal jurisdiction exists over Hennessee Group under either Sections 33-929(f) or 52-59b(a), and the claims against it should be dismissed.

III. EVEN UNDER CONNECTICUT LAW, PLAINTIFF'S CLAIMS
   AGAINST THE INDIVIDUAL DEFENDANTS ARE NOT SUFFICIENT
   TO PIERCE THE CORPORATE VEIL

Although the Amended Complaint purports in conclusory fashion to satisfy the elements necessary to pierce to corporate veil, Plaintiff's factual allegations are inadequate under New York law for reasons stated in Defendants' Memorandum. See Def. Mem. at 12-13. Plaintiff's allegations are insufficient under Connecticut law as well.

Under Connecticut law, "[t]he concept of piercing the corporate veil is equitable in nature and courts should pierce the corporate veil only under 'exceptional circumstances'" Emma

8

Rosina, LLC v. Bilides Building & Excavating, LLC, CV020462796S, 2002 WL 31898066 *2 (Conn. Super. 2002) citing Davenport v. Quinn, 53 Conn. App. 282, 301 (1999)   The Connecticut Supreme Court has recognized two grounds for piercing the corporate veil – the instrumentality rule and the identity rule.  Emma Rosina, LLC v. Bilides Building & Excavating, LLC, 2002 WL 31898066 *2 citing Angelo Tamasso, Inc. v. Armor Construction & Paving, Inc., 187 Conn. 544, 555-56 (1982).

The instrumentality rule requires Plaintiff to plead facts showing (1) Control – i.e. "complete domination, not only of the finances but of policy and business practice in respect to the transaction"; (2) that the control was used by the defendant to commit fraud, wrong or breach of duty; and (3) that the control and wrongful conduct "must proximately cause the injury." Emma Rosina, LLC v. Bilides Building & Excavating, LLC, 2002 WL 31898066 *2  citing Angelo Tamasso, Inc. v. Armor Construction & Paving, Inc., 187 Conn. at 555-56.  The identity rule, which is inapplicable here, primarily applies to prevent injustice "where two corporate entities are, in reality controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of corporate formalities between the two entities." Emma Rosina, LLC v. Bilides Building & Excavating, LLC, 2002 WL 31898066 *3 citing Angelo Tamasso, Inc. v. Armor Construction & Paving, Inc., 187 Conn. at 554.

Connecticut courts consistently hold that, at a minimum "the complaint must allege a sufficient factual basis for a court to pierce the corporate veil."  Emma Rosina, LLC v. Bilides Building & Excavating, LLC, 2002 WL 31898066 *3  Moreover, a plaintiff must do more than recite the elements of the instrumentality rule or plead legal conclusion.  See Jannetty Racing

9

Enterprises, Inc. v. Site Development Technologies, LLC, CV054004820S, 2006 WL 410973 *5 (Conn. Super. Jan. 31, 2006).

Here, the Amended Complaint does nothing more recite the elements of the instrumentality rule and plead legal conclusions. See Am. Compl. ¶¶ 5, 42, 94 and 113  For instance, although Plaintiff alleges that the Individual Defendants "completely dominated and controlled" the Hennessee Group, it offers no factual allegations that demonstrate that the Individual Defendants completely dominated the policies and business practice so that the Hennessee Group had no separate mind, will or existence of its own.  Likewise, Plaintiff claims without support that the Individual Defendants' alleged domination was used to commit the alleged wrong.  See Am. Compl. ¶ 113.  In fact, Plaintiff cannot prove that the Hennessee Defendants' alleged control and breach of duty proximately caused Plaintiff's injury – as conceded in the Amended Complaint, such injury was caused by the intervening criminal acts of Sam Israel and Dan Marino.  See Def. Mem. at 18-20.  Because Plaintiff has failed to plead factual allegations that would warrant piercing to corporate veil, Plaintiff's claim should be dismissed.

IV.  PLAINTIFF'S CUTPA CLAIMS ARE BARRED

The fact that Plaintiff's claims against the Hennessee Defendant relate to securities transactions bars any claim under Connecticut's Unfair Trade Practices Act ("CUTPA") (See Def. Mem. at 12-14.)  Plaintiff's attempt to cast its allegations against the Hennessee Defendants as involving merely "services incidental to securities transactions," – and not securities transactions per se – is contradicted by the plain language of the Amended Complaint.

There, Plaintiff states that "[i]n its role as a hedge fund consultant, Hennessee Group funneled tens of millions of dollars to Bayou by advising its clients to invest in the Bayou Hedge

Funds and by facilitating those investments." See Am. Compl. ¶39, a paragraph also cited by Plaintiff in its Opposition at p. 8. (Emphasis added.) Plaintiff further alleges that "[t]he Hennessee Defendants also directly facilitated the Bayou investments of plaintiff Broad-Bussel Family and the members of the Hennessee Subclass." See Am. Compl. ¶ 103. (Emphasis added.) Plaintiff's allegations, taken as true for purposes of this motion, cannot fairly be characterized as claiming merely that the Hennessee Defendants' involvement was nothing more than rendering "services incidental to securities transactions."

Moreover, the cases cited by Plaintiff do not support its position. In Greystone v. First Union National Bank, No. 3:00CV871 (CFD), 2002 U.S. Dist. LEXIS 2529 *1 (D.Conn. 2002), the court simply could not conclude, on Greystone's motion for leave to amend its complaint, whether the common law tort causes of action were all based on the same factual allegations as the securities fraud allegations. In Nuclear Management Corp. v. Combustion Engineering, Inc., No. 3:94CV00403, 1997 U.S. Dist. LEXIS 970 *13 (D.Conn. 1997) the court declined to decide whether CUTPA would apply to tortious interference claims which happened to involve securities. Lastly, Mossberg v. Union Trust Company, No. CV-93-0520230 S, 1994 Conn. Super. LEXIS 1236 (1994) involved claims of negligence regarding the holding and failure to sell stock, not the purchase or sale of securities in a securities transaction.

By contrast, in Olsavsky v. Casey, Civ. No. 5-92-324, 1992 WL 262573 (D.Conn. 1992) the court was presented with a motion to dismiss allegations by a doctor against an attorney who advised the doctor with respect investments in a pension plan. Among the areas in which the attorney gave advice were ". . . appropriate plan investments, …track[ing] the plan's portfolio to monitor its performance and recommend[ing] changes where warranted . . . ." See Olsavsky at *1. Plaintiff brought claims for breach of fiduciary duty, breach of contract, fraud, negligence

11

misrepresentation, and violation of both CUTPA and the Massachusetts Unfair Trade Practices Act. See Olsavsky at *1. With respect to the CUTPA claims, the court, after citing Russel v. Dean Witter Reynolds, Inc., 200 Conn. 172 (1986) for the holding that CUTPA "does not apply to deceptive practices in the purchase and sale of securities", went on to hold that "[t]he gravamen of plaintiff's complaint alleges unfair practices in the purchase of securities for plaintiff's retirement fund. Thus, plaintiff's claim of unfair trade practices is not actionable under CUTPA and must be dismissed." Olsavsky at *4.

Here, as in Olsavsky, Plaintiff's claims against the Hennessee Defendants stem from the recommendation of an investment and not a service "incidental" to a securities transaction. As with Olsavsky, the gravamen of Plaintiff's Amended Complaint alleges wrongful conduct "in the purchase . . . of securities" Russel v. Dean Witter Reynolds, Inc., 200 Conn. 172, 188 (1986) and should be dismissed. See also Champaigne v. Scarso, No. CV 970348470, 1999 WL 732516 *2 (Conn. Super. 1999) (striking CUTPA cause of action argued to be based on common law tort claims not on securities law claims and holding that "[t]he claims are all based on the same underlying factual allegations of a fraudulent securities exchange, a transaction to which CUTPA does not apply.").

## V. PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED

Although Plaintiff has cited cases that question the holding of Flickinger v. Harold C. Brown & Co., it has not cited a case of an equal or higher court that has even questioned the holding of that case that "an action for breach of fiduciary duty. . .requires a showing of 'deceitful intent' on the part of the fiduciary." Flickinger v. Harold C. Brown & Co., 947 F. 2d 595, 599 (2d Cir. 1991) (internal citation omitted). Moreover, numerous courts have subsequently cited Flickinger approvingly. See eg. Banco Espirito Santo De Investimento, S.A.

v. Citibank, N.A., 03 Civ. 1537, 2003 WL 23078888*17 (S.D.N.Y. 2003), Lewis v. Rosenfeld, 00 Civ. 5368, 2002 WL 441185 *5 (S.D.N.Y. 2002), Chateau Hip, Inc.v. Gilhuly, 95 Civ. 10320, 1996 WL 437929 * 5 (S.D.N.Y. 1996), Brock Equities Ltd. v. Josephthal, Lyon & Ross, Inc., 92 Civ. 8588, 1995 WL 380097 *11 (S.D.N.Y. 1995) and In re The Drexel Bernham Lambert Group, Inc., 151 B.R. 49, 60 (S.D.N.Y. 1993). Plaintiff has failed to allege that the Hennessee Defendants acted with deceitful intent as required by Flickinger and its progeny and therefore its breach of fiduciary duty claim should be dismissed.

## VI. PLAINTIFF'S AMENDED COMPLAINT FAILS TO PROPERLY PLEAD NEGLIGENCE AGAINST THE HENNESSEE DEFENDANTS

Plaintiff's Amended Complaint suffers from at least two defects which require dismissal of their negligence claim: One, the exculpatory clause contained within Section VIII of the Investment Advisory Agreement ("Agreement"), executed by Plaintiff, relieves the Hennessee Defendants of liability for "any errors or omissions committed by Hennessee, its employees or agents in the discharge of its duties…unless such errors or omissions constitute gross neglect or willful misfeasance…" See Exhibit C to the Gradante Dec. Two, the Amended Complaint is devoid of factual allegations that the Hennessee Defendants' negligence was the proximate cause of Plaintiff's losses.

### A. *PLAINTIFF'S NEGLIGENCE CLAIM IS BARRED BY THE AGREEMENT'S EXCULPATORY CLAUSE*

In its Opposition, Plaintiff contends that the exculpatory clause does not warrant dismissal of its negligence claim because Plaintiff seeks rescission of the Agreement pursuant to the Investment Advisors Act. In making this argument, Plaintiff is "putting the cart before the horse." Plaintiff has cited no authority that the Court is precluded from disposing of the negligence claim because Plaintiff has asserted an unproved cause of action. Plaintiff is

13

attempting to use the provisions of the Agreement both as a sword and a shield.  In the same breath, Plaintiff requests that the Court rescind the Agreement and void its provisions while simultaneously seeking to hold Hennessee Group liable for a breach of the Agreement.  Plaintiff cannot have it both ways.

Additionally, other than characterizing the Hennessee Defendants as "grossly negligent" or "reckless," the Amended Complaint is devoid of facts suggesting that the Hennessee Defendants' purported misconduct "evidences a reckless disregard for the rights of others or smacks of intentional wrongdoing" as is required in this jurisdiction.  See AT&T Co. v. City of New York, 83 F.3d 549, 556 (2d. Cir. 1996).  Plaintiff's negligence claims are thus barred by the plain language of exculpatory clause contained in the Agreement.

B.     *PLAINTIFF HAS NOT ADEQUATELY PLED PROXIMATE CAUSE*

Plaintiff fails to adequately plead proximate cause in the Amended Complaint and its Opposition almost completely ignores this deficiency.  Where a complaint is patently deficient of allegations of proximate cause, the court may dismiss a claim of negligence for failure to state a claim upon which relief can be granted.  See Glusband v. Fittin Cunningham Lauzon, Inc., 582 F. Supp. 145, 152 (S.D.N.Y. 1984) (dismissing a negligence claim for failure to adequately plead proximate cause).

Not only has Plaintiff failed to set forth sufficient facts to support a finding that the Hennessee Defendants' alleged misconduct was the proximate cause of its losses, but Plaintiff has affirmatively represented that Bayou is responsible for its losses.  Indeed, Plaintiff concedes that the "Bayou Defendants fraudulently lured investors to invest…through a scheme of improper acts and continuing misrepresentations and omissions…Sam Israel, III ("Israel") and Daniel E. Marino ("Marino"), then unlawfully pilfered and squandered hundreds of millions of

14

dollars that Plaintiff and the Class entrusted to them as financial investments…Subsequently, both Israel and Marino have pled guilty to multiple criminal acts." See Am. Compl. at ¶ 2. See In re September 11 Litigation, 280 F. Supp.2d 279, 301-302 (S.D.N.Y. 2003) ("[g]enerally, an intervening intentional or criminal act severs the liability of the original tort-feasor").

Plaintiff's Opposition urges the Court not to dismiss the negligence claims on the grounds that Connecticut courts have routinely held that "the conclusion of negligence is necessarily one of fact," and "ordinarily not susceptible of summary adjudication." See Opp. to Mot. to Dismiss at 22. Putting aside the fact that New York law governs this dispute, see Point I, both New York and Connecticut courts agree that "where the actual cause of the injury is undisputed, the question whether the defendant's negligence was the proximate cause of plaintiff's injury is the question of law for the court." Caraballo v. U.S., 830 F.2d 19, 22 (2d. Cir. 1987) (internal citation omitted); see also Jaret Ltd. v. U.S., No. 91 Civ. 0181, 1991 WL 156372, *2 (S.D.N.Y. 1991) (internal citation omitted) (holding that "where only one conclusion may be drawn from the facts, the question of legal may be decided as a matter of law"); see also Medcalf v. Washington Heights Condominium Assoc., Inc., 57 Conn. App. 12; 747 A.2d 532 (Conn. App. 2000) (holding that proximate cause becomes a question of law when a mind of a fair and reasonable person could reach only one conclusion).

Accordingly, because the Amended Complaint is devoid of allegations that the Hennessee Defendants' alleged misconduct was the proximate cause of Plaintiff's losses and due to Plaintiff's own admissions that Bayou was in fact responsible for its losses, Plaintiff's negligence claim should be dismissed as a matter of law.

## VII.  PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED

Plaintiff's Opposition fails to address the basis of the Hennessee Group's motion to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Rather, Plaintiff cites cases for the general proposition that such a covenant exists and that such issues should not be resolved on a motion to dismiss. (See Opp. to Mot. to Dismiss at 23-24). The purported authorities cited in Plaintiff's Opposition, however, are inapposite.

In MDC Holdings, Inc. v. Credit Suisse First Boston Corp., 216 F.Supp. 2d 251 (S.D.N.Y. 2002) the court did not cite the factual allegations upon which it based its denial of defendant's motion to dismiss.  Therefore, it cannot be determined from the opinion what factual allegations Plaintiff made that were sufficient to avoid dismissal.  In denying defendant's motion to dismiss in deCiutiis v. NYNEX Corp., 95 Civ. 9745, 1996 U.S. Dist. LEXIS 13122 (S.D.N.Y. 1996) the court decided, that based on plaintiff's factual allegations, an issue of fact existed as to whether NYNEX exercised its discretion in good faith or bad faith.  These cases do not address the deficiency raised by the Hennessee Group in its Motion to Dismiss – i.e., the complete absence of any factual allegations that could demonstrate fraud, malic, bad faith or intentional wrongdoing..

Here, Plaintiff alleges conclusorily that the Hennessee Group breached the implied covenant of good faith and fair dealing by failing to perform certain obligations under the Advisory Agreement – i.e., the identical conduct which allegedly supports Plaintiff's other claims.  The Amended Complaint does not, however, allege any facts indicating fraud, malice, bad faith or intentional wrongdoing  (see Smith Barney v. Lichtensteinische Landesbank, No. 92 Civ. 2528, 1993 WL 97286 * 5 (S.D.N.Y. 1993)) or dishonest purpose (see New Milford Savings Bank v. Lois Zandy et al., No. CV990078766S, 2001 WL 79830 *4 (Conn.Super.

16

2001)). Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should therefore be dismissed.

VIII.    APART FROM PLAINTIFF'S CLAIM FOR RESCISSION UNDER
         THE INVESTMENT ADVISORS ACT, PLAINTIFF DOES NOT DISPUTE
         THAT CERTAIN OF ITS CLAIMS ARE BARRED
          BY THE APPLICABLE STATUTE OF LIMITATIONS

In the Amended Complaint, Plaintiff purports to define the class period as December 31, 1996 through August 25, 2005. See Am. Compl. at ¶ 49. The Hennessee Defendants asserted, in Defendants' Memorandum, that many of Plaintiff's claims are time-barred by the applicable statute of limitations. See Def. Mem. at 22-24. Plaintiff's Opposition, however, only addresses the statute of limitations under the Investment Advisers Act. Plaintiff does not dispute that its claims for negligence, breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment and Connecticut Unfair Trade Practices Act are not barred, in whole or in part, by the applicable statute of limitations. See Opp. to Mot. to Dismiss at 24-25.

With respect to the Investment Advisers Act claim, Plaintiff's argument is incorrect. Plaintiff argues that the "continuing wrong theory" operates to extend that statute of limitations. See Opp. to Mot. to Dismiss at 24-25. The "continuing wrong theory" is a doctrine rarely applied to securities cases because in securities transactions, as here, there is usually a definitive purchase or sale date. See Hottinger v. Amcoal Energy Corp., No. 89 Civ. 6391, 1992 WL 349851, *6 (S.D.N.Y. Nov. 10, 1992) (rejecting the use of the continuing wrong theory because, in securities cases, the limitations period begins to run on the date that the parties have committed to a purchase transaction). Notably, the Kahn case cited by Plaintiff in its Opposition (see Opp. to Mot. to Dismiss at 24), reaches the same conclusion. See Kahn v. Kohlberg, Kravis,

17

Roberts & Co., 970 F.2d 1030, 1039-1043 (2d Cir. 1992). Further, application of the "continuing wrong theory" is limited to instances where a plaintiff is injured by continuing acts of misconduct after the limitations period has expired, such as in the antitrust context. See Kahn, 970 F.2d at 1039. Here, by contrast, Plaintiff's investments in the Bayou fund and recommendation regarding those investments are finite events as to which the "sales transaction theory" or "commitment theory" applies. See Hottinger, No. 89 Civ. 6391, 1992 WL 349851, *6. These doctrines provide that "[o]nce Plaintiff has committed [himself] to the transaction, the claim accrues and thus the statute begins to run." Kahn, 970 F.2d at 1040. Under these circumstances, the "continuing wrong theory" does not apply and does not extend the limitations period of any of Plaintiff's claims.

Accordingly, the Court should bar Plaintiff's claims as follows:

1. All claims based on negligence, breach of fiduciary duty and violation of the Connecticut Unfair Trade Practices Act that accrued prior to November 30, 2002 are time barred and should be dismissed.

2. All claims for rescission based on violation of the Investment Advisors Act of 1940 that accrued prior to March 6, 2003 are time barred and should be dismissed.

3. All claims for breach of the implied covenant of good faith and fair dealing, breach of contract and unjust enrichment that accrued prior to November 30, 1999 are time barred and should be dismissed.

800305_1

<u>CONCLUSION</u>

As the foregoing demonstrates, all claims against the Hennessee Group should be dismissed.  On independent grounds, the Court should dismiss Plaintiff's CUTPA claim, breach of fiduciary duty and negligence claims against the Hennessee Defendants and dismiss the breach of the implied covenant of good faith and fair dealing claim against the Hennessee Group. Moreover, the Court should dismiss all claims that are barred by the applicable statutes of limitations.  Such dismissal should be with prejudice given the Connecticut Court's statement and Plaintiff's previous opportunity to amend its complaint.

Dated: July 17, 2006

Respectfully submitted,

By: _____/S/_____
    Lawrence E. Fenster (LF 9378)
    Matthew C. Plant  (MP 0328)
    BRESSLER, AMERY & ROSS
    17 State Street, 34th Floor
    New York, New York  10004
    (212) 425-9300
    (212) 425-9337
    lfenster@bressler.com
    Attorneys for Defendants
    Hennessee Group LLC, Elizabeth Lee
    Hennessee and Charles J. Gradante

800305_1

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006, a copy of the *Defendants' Reply Memorandum In Support Of Defendants Hennessee Group LLC, Elizabeth Lee Hennessee And Charles J. Gradante's Motion To Dismiss The Amended Class Action Complaint* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____/S/_____
Matthew C. Plant (MP 0328)