LAW OFFICES OF

## PIPKIN, OLIVER & BRADLEY, L.L.P.

1020 NORTHEAST LOOP 410, SUITE 810
SAN ANTONIO, TEXAS 78209-1227

TELEPHONE
(210) 820-0082

TELECOPIER
(210) 820-0077



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

August 1, 2006

**Via Facsimile**
Judge Colleen McMahon
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

RE: *In re: Bayou Hedge Fund Investment Litigation*, 06 MD 1755 (CM) as it relates to *Broad Bussel Family L.P., et al. v. Bayou Group, LLC, et al.*, No. 06 Civ. 3026 (CM)

Dear Judge McMahon:

We have received Elizabeth Lee Hennessee's "Reply Memorandum in Support of Defendant Elizabeth Lee Hennessee's Motion to Determine the Eligibility of Claims of Putative Class Members for NASD Arbitration." Travis Co, J.V., Roger Hill, Sr. and Christopher Hill ("the Hill Claimants") request the Court's leave to respond to that Reply Memorandum. Though Ms. Hennessee asserts in her Reply Memorandum that the Court has admitted the undersigned to practice in the Southern District of New York *pro hac vice*, our office has yet to receive any notice of such an order. Also, a review of the *Broad Bussell* docket on PACER this morning did not reveal such an order in this case. Because we have no way to file pleadings electronically, we are sending this letter to Your Honor and respectfully requesting that it be filed in the above-captioned cause, not withstanding the fact that Hill Claimants are not parties to thereto.

The Motion before Your Honor seeks a determination that the Hill Claimants may not bring claims against Ms. Hennessee in the NASD because they are alleged to be putative class members in the above-referenced lawsuit. The Reply Memorandum urges Your Honor to reject the Hill Claimants' attempt to opt out of the *Broad Bussel* class action because the Hill Claimants only opted out of the sub-class that alleged claims against Ms. Hennessee. The Hill Claimants limited their opt out to that sub-class for one simple reason: the claims of that sub-class were the only putative class claims alleged against Ms. Hennessee and, as such, were the only putative class claims that could be read to "encompass" the Hill Claimants' NASD claims against Ms. Hennessee. *See*, NASD Rule 10301(d)(2). Because the sub-class claims were the only ones that could have affected the Hill Claimants' ability to bring claims against Ms. Hennessee before the NASD, the Hill Claimants believe their opt out is sufficient.

```
DOCKET IN CASE #
AS:
DATE,                    CM
```

August 1, 2006
Page 2

The Hill Claimants furthermore assert that the holding of the cases cited by Ms. Hennessee are distinguishable and do not make their opt out improper. The cases cited by Ms. Hennessee held that putative plaintiffs could not opt out of a class as to one defendant but not as to another defendant in that class. Those cases did not hold that a putative plaintiff was unable to opt out of a single subclass of claims against all the defendants in that subclass, while remaining part of a separate subclass against different defendants. See, In re Del-Val financial Corp., 162 F.R.D.271 (S.D.N.Y. 1995); Martens v. Smith Barney, Inc., 190 F.R.D. 134 (S.D.N.Y. 1999). The Broad Bussel case involves separate sub-classes that allege separate claims against separate groups of defendants. The Hill Claimants opted out of the entire sub-class and did not distinguish between defendants within that sub class, so their opt out was proper.

Finally, as the results in Martens and Del-Val make clear, when a plaintiff attempts to partially opt out, the courts do not consider the opt out altogether ineffective. Rather, they treat the opt out as more broadly effective than the putative plaintiffs may have intended. Thus, if opting out of only a sub-class was improper, the remedy is for the Court to simply apply the Hill Claimants' opt out to all subclasses. In fact, if their opt out is determined to be somehow insufficient to allow their NASD claims to go forward, the Hill Claimants request that their opt out be construed to apply to all class claims that have been alleged in the Broad Bussel litigation, regardless of the defendants against whom the claims have been asserted.

By copy of this letter, I am serving all counsel of record in the above-referenced matter by first class mail as well as providing the Movant a courtesy copy by facsimile.

Sincerely,

Marvin G. Pipkin
Texas Bar No. 16026600

cc: Travis Co. J.V. and Hill Family    *Via Facsimile*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BAYOU HEDGE FUND INVESTMENT LITIGATION | No. 06:MD-1755 (CM) |
| THIS DOCUMENT RELATES TO: | |
| BROAD-BUSSEL FAMILY LIMITED PARTNERHSIP, *et al.* Plaintiffs, v. BAYOU GROUP, LLC, *et al.* Defendants. | No. 06 CIV. 3026 (CM) |

## SERVICE LIST

| Lawrence Elliott Fenster<br>Matthew C. Plant<br>Bressler, Amery & Ross, P.C.<br>17 State Street<br>New York, NY 10004 | Howard K. Levine<br>Jay Christopher Rooney<br>Carmody & Torrance, LLP<br>195 Church Street<br>P.O. Box 1950<br>New Haven, CT 06509-1950 | Neal A. DeYoung<br>Koskoff Koskoff & Bieder, P.C.<br>350 Fairfield Avenue<br>Bridgeport, CT 06604 |
|---|---|---|
| James Erik Breitenbucher<br>Sung-Hee Suh<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, NY 10022 | Merrill G. Davidoff<br>Lawrence J. Lederer<br>Lane L. Vines<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103-6365 | Doreen Klein<br>Terence Joseph Gallagher<br>Day, Berry & Howard, LLP<br>One Canterbury Green<br>Stamford, CT 06901 |

| | | |
|---|---|---|
| Patrick John McHugh<br>William Morten Tong<br>Finn Dixon & Herling LLP<br>One Landmark Square, 14th Floor<br>Stamford, CT 06901 | Marc J. Grenier<br>DePanfilis & Vallerie, LLC<br>25 Belden Avenue<br>P.O. Box 699<br>Norwalk, CT 06852 | |
| H. Jeffrey Schwartz<br>Dechert, L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112-2200 | John Kenneth Van de Weert<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005 | |
| | | |