UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE: BAYOU HEDGE FUNDS INVESTMENT                06 MDL 1755
LITIGATION

------------------------------------------------------------x

THIS DOCUMENT PERTAINS TO

------------------------------------------------------------x

BROAD-BUSSEL FAMILY LP., et al.,

      Plaintiffs,                                06 Civ. 3026 (CM)

  -against-

BAYOU GROUP LLC et al.,

      Defendants.

------------------------------------------------------------x

      DECISION AND ORDER GRANTING MOTION OF DEFENDANTS
      FAUST RABBACH & OPPENHEIM LLP AND STEVEN OPPENHEIM
      TO DISMISS THE AMENDED COMPLAINT AS AGAINST THEM

McMahon, J.:

    This is the latest in a series of decisions on motions to dismiss the Amended Class Action Complaint in the above-captioned proceeding. Familiarity with the Bayou litigation is assumed.

    The moving defendants are a law firm (hereinafter referred to as FR&O) and one of its partners, who at unspecified times performed unspecified legal services for unspecified entities among the Bayou Group hedge funds.[1] Plaintiffs have asserted a total of five claims against FR&O and its partner Steven Oppenheim:

    The Seventh Cause of Action, sounding in negligence;

---

[1] FR&O asserts affirmatively that it incorporated some of the Bayou hedge funds, and suggests that it did no more. The court declines to consider this affirmative showing on the moving defendants' part in connection with this motion to dismiss pursuant to Rule 12(b)(6).

      The Twelfth Cause of Action, sounding in aiding and abetting (securities) fraud;

      The Thirteenth Cause of Action, sounding in aiding and abetting breach of fiduciary duty;

      The Fourteenth Cause of Action, sounding in aiding and abetting negligence;

      The Fifteenth Cause of Action, sounding in unjust enrichment.

The complaint alleges the following *non-conclusory facts* against FR&O:

      FR&O was a "close associate" of Bayou and Bayou's principals, Samuel Israel and Daniel Marino. (¶ 4)

      Bayou Management LLC, Bayou Advisors, LLC and Bayou Equities LLC allegedly maintained one of two "principal offices" at FR&O's law firm address, 488 Madison Avenue. (¶ 19).

      FR&O is a limited liability partnership engaged in the practice of law. It served as counsel for "Bayou" during "all or some" of the Class Period, performing unspecified services at unspecified times.

      Steven Oppenheim is a partner in FR&O and is also a certified public accountant. Prior to practicing law at FR&O, Oppenheim was the managing partner of Spicer & Oppenheim, an accounting firm that dissolved in or around December 1990. Thereafter, he joined the accounting firm of Grant Thornton, which served as Bayou's auditor until in or about 1998. However, Oppenheim left Grant Thornton in 1991 to join FR&O, which is not an accounting firm. (¶ 37)

      As legal counsel for Bayou, FR&O and Oppenheim provided (unspecified) counsel and advice to the Bayou Defendants in planning, forming and operating the Bayou Hedge Funds, and the Firm was privy to (unspecified) non-public information and documents concerning the true structure, operations and finances of the Bayou Hedge Funds (¶ 38)

      Oppenheim knew or ignored various (unspecified) aspects of the fraud and other misconduct that was being committed by the Bayou Defendants. (Id)

      There is no other mention of FR&O or Oppenheim in the 220 paragraph Amended Complaint.

**Transferee Law and Conflict of Law Analysis**

      This action was originally brought in the District of Connecticut. This court should therefore apply the state/common law principles that would have been applied by the District of Connecticut. In re Rezulin Products Liability Litigation, 392 F. Supp. 2d 597, 607 (S.D.N.Y. 2005). However, the court agrees with FR&O that the laws of Connecticut and New York are not in conflict concerning the matters in suit. Connecticut courts recognize the so-called "false

conflicts" rule, so when application of either state's law would lead to the same result, no conflict of laws analysis need be undertaken. Dugan v. Mobile Medical Testing Services, Inc., 265 Conn. 791, 798, 830 A.2d 752 (2003). Nonetheless, when Connecticut authority is available for a proposition, I will cite it.

A transferee court in this Circuit applies its own interpretation of federal law. In re: Parmalat Securities Litigation, 412 F. Supp. 2d 392, 399 (S.D.N.Y. 2006).

**Standards on a Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Frasier v. General Electric Co., 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).


**The Negligence Claim Must Be Dismissed**

The predicate for a claim in negligence is the running of a duty from the defendant to the plaintiff. Under both Connecticut and New York law, the question of whether a duty exists is a question of law for the court, and only if the court concludes that a duty exists will it be necessary to reach the question of breach. Gould v. Mellick and Sexton, 263 Conn. 140, 153 (2003); McCarthy v. Sturm Ruger & Co., Inc., 916 F. Supp. 366, 368 (S.D.N.Y. 1996), aff'd 119 F. 3d 148 (2d Cir. 1997)(whether a legal duty exists presents a question of law).

It is well settled, in both Connecticut and New York, that an attorney's duty runs to his client and (ordinarily) not to third parties. National Westminster Bank USA v. Weksel, 124 A.D. 2d 144, 146 (1st Dept), appeal denied, 70 N.Y. 2d 604 (1987); Redhead v. Winston & Winston, P.C., 2002 U.S. Dist. LEXIS 17780 *16 (S.D.N.Y. Sept. 20, 2002); Krawczyk v. Stingle, 208 Conn. 239, 244 (1988). Because the existence of a legal duty is a prerequisite to any claim for the negligent performance of an attorney's duty, a party cannot generally sue someone else's attorney for negligence. Biller Associates v. Peterkin, 269 Conn. 716 (2004). The only exception to this rule is where an attorney performs a specific act for the intended benefit of a non-client (example: paying off a mortgage on behalf of a non-client). Old Republic National Title Insurance Company v. Garrell, 2004 Conn. Super. LEXIS 3670 *12 (Dec. 8, 2004).

Plaintiffs are clients of the Hennessee Group who invested in Bayou funds. The complaint in this case fails to allege any facts from which one could fairly infer that FR&O had any duty to the plaintiffs. Their status as investors or limited partner shareholders in the Bayou

entities does not create the necessary attorney-client relationship with FR&O. Gould, 263 Conn. at 153; Friedman v. Hartman, 1994 U.S. Dist. LEXIS 3404 *21 (S.D.N.Y. 1994); Ahmed v. Trupin, 809 F. Supp. 1100, 1106 (S.D.N.Y. 1993); Griffin v. Anslow, 17 A.D. 3d 889 (3d Dept. 2005). The complaint is also devoid of a single factual allegation tending to show that FR&O undertook any action for the intended benefit of plaintiffs. Accordingly, the negligence claim against FR&O (Seventh Cause of Action) is dismissed with prejudice.

**The Unjust Enrichment Claim Must Be Dismissed**

In their Fifteenth Cause of Action, Plaintiffs allege that legal fees earned by FR&O from Bayou constitute unjust enrichment. As a matter of law, they are wrong.

I will assume, for purposes of the motion, that FR&O was retained by Bayou to provide (unspecified) legal advice and services at some point in time, and that FR&O was paid for providing those services. However, under both Connecticut and New York law, unjust enrichment requires more. In New York, the plaintiff must plead and prove that the defendant was benefitted or enriched at the plaintiff's expense, such that equity and good conscience require restitution of the funds. Kaye v. Grossman, 202 F. 3d 611, 616 (2d Cir. 2000). In Connecticut, the analogous elements are benefit to the defendant by virtue of failing to pay plaintiff for the benefit, to plaintiff's detriment. Vertex, Inc., v. City of Waterbury, 2006 Conn. LEXIS 199 *25 (June 13, 2006). Under the law of both states, the essence of unjust enrichment is that one party parted with money or a benefit that was received by another at the expense of the first party. Restatement (Third) Contracts, Restitution and Unjust Enrichment §2(d), cited in United Coastal Industries, Inc., v. Clearheart Constr. Co., Inc., 71 Conn. App. 506, 512 (2002). The benefit must be "specific" and "direct" in order to support an unjust enrichment claim. Kaye, 202 F. 3d at 616.

The Amended Complaint pleads no such claim. In fact, aside from the conclusory statement that FR&O (and other defendants) were "unjustly enriched," it does not even plead that FR&O received any money from Bayou during the class period – let alone that the money used to pay these ephemeral legal fees belonged to or came from plaintiffs or other class members. Assuming arguendo that FR&O performed legal work for some Bayou entity in which plaintiffs invested, and that it did so during the class period, and further assuming that FR&O was paid for doing that work – none of which, I emphasize, is alleged in the Amended Complaint – the unjust enrichment claim would still have to be dismissed, because the payment by Bayou of operating expenses (such as legal fees) using misappropriated funds does not confer a "direct" and "specific" benefit on FR&O at the expense of plaintiffs. Fed. Treasury Enterprise Sojuzplodoimport v. Spirits Intern. N.V., 425 F. Supp. 2d 458 (S.D.N.Y. 2005); Lieberman v. Emigrant Mortgage Co., 2006 U.S. Dist. LEXIS 40891 *21 (D. Conn. June 2, 2006). Moreover, the complaint does not allege any facts from which a reasonable trier of fact could infer that FR&O is not equitably entitled to keep any legal fees it earned for services rendered. Fabri v. United Technologies International Inc., 387 F. 3d 109, 128 (2d Cir. 2004) (Conn. law); Richardson v. Artageous, Inc., 1993 U.S. Dist. LEXIS 15567 *7 (S.D.N.Y. Nov. 4, 1993) (New York law).

The Fifteenth Cause of Action is dismissed with prejudice.

**The Aiding and Abetting Claims Must Be Dismissed**

The Twelfth, Thirteenth and Fourteenth Causes of Action all allege that FR&O and Oppenheim aided and abetted Bayou and other actors in Bayou's purported fraud, breaches of fiduciary duty and negligence.

The first thing that must be said is that none of the allegations against FR&O in the Amended Complaint would support a claim in aiding and abetting Bayou's negligence. Few states recognize aiding and abetting liability predicated on a third party's negligence, and this court is aware of no New York or Connecticut case that has done so. For this reason alone, the Fourteenth Cause of Action must be dismissed.[2]

Furthermore, aiding and abetting liability under both Connecticut and New York law is premised on the Restatement of Torts (Second)'s analysis of third party liability for another's wrongdoing. To assert a claim for aiding and abetting, plaintiffs must allege (1) the existence of an underlying tort; (2) defendant's actual knowledge of the underlying tort; and (3) defendant's provision of substantial assistance in the commission of the underlying tort. Thus, to allege aiding and abetting fraud, the plaintiff must allege that the defendant had actual knowledge of the fraud and provided substantial assistance in its commission. Steed Finance LDC v. Laser-Advisors, Inc., 258 F. Supp. 2d 272, 282 (S.D.N.Y. 2003); Cumis Insurance Society, Inc., v. Windsor Bank & Trust, 736 F. Supp. 1226, 1234 (D. Conn. 1990). Similarly to state a claim for aiding and abetting breach of a fiduciary duty, plaintiffs must allege that defendant knew about a breach of fiduciary duty and knowingly induced or participated in the breach. Sharp International Corp. v. State Street Bank, 403 F. 3d 43, 49 (2d Cir. 2005).

Steed Finance illustrates the importance of pleading facts from which the third party defendant's knowledge of the primary wrongdong can be inferred. In that case, the plaintiffs, like plaintiffs here, were investors in hedge funds. The defendants (much like the Hennessee Defendants in this case) acted as investment advisors and portfolio managers. The third party defendants (much like Bayou) were the sponsors of the hedge funds in which plaintiffs invested. Plaintiffs sued their investment advisors for breach of fiduciary duty and fraud, alleging that the lead advisor mispriced the funds and hid the true value of the plaintiffs' investment from them. The fund sponsor was sued as an aider and abetter. The complaint alleged simply that the fund sponsor had actual knowledge of the alleged mispricing or acted with reckless disregard for the truth in that they ignored the obvious warning signs of mispricing. These conclusory statements were made without any factual support. The district court (Jones, J.) dismissed the aiding and abetting claims against the fund sponsor, finding that plaintiffs had failed adequately to allege knowledge of the fraud. Id. at 282.

---

[2]To be completely candid, the complaint, fairly read, does not allege that Bayou and its principals were negligent – rather, it alleges that they perpetrated a massive fraud with full knowledge that they were doing so. Israel's and Marino's guilty pleas admit as much. No reasonable trier of fact could conclude from the allegations of the Amended Complaint that Bayou's investors were harmed through Bayou's negligence!

Here, the allegations against FR&O and Oppenheim are less robust than was the case in Steed Finance. Plaintiffs have not alleged a single fact tending to suggest that FR&O or any of its lawyers knew that Israel and Marino were operating a Ponzi scheme. As noted above, the only facts alleged against FR&O are that the firm acted as counsel to Bayou during some unspecified portion of the class period and that the firm helped to "create and operate" several Bayou entities. The complaint does not allege what services were performed (other, perhaps, than incorporation), let alone when they were performed, and there is no allegation that FR&O performed any services whatever in connection with the disposition of any funds invested in the Bayou entities.

Similarly, the fact that Steven Oppenheim, a partner in FR&O, was affiliated with Bayou's original auditors (Grant Thornton) in 1991 – five years before any Bayou entity existed – is not a fact from which one can infer that Oppenheim was aware of the chicanery of Israel and Marino during the class period, which runs from December 31, 1996 until Bayou's demise in August of 2005.

The complaint alleges that, as a result of performing (unspecified) legal services for Bayou, FR&O were privy to (unspecified) non-public information about the Bayou Defendants. Even assuming that FR&O had some sort of non-public information about Bayou, allegations like the ones in the complaint are insufficient to warrant an inference that FR&O was aware that Bayou was a Ponzi scheme. Vtech Holdings Ltd. v. PriceWaterhouse Coopers LLP, 348 F. Supp. 2d 255, 269 (S.DN.Y. 2004). It is a well-settled principle of New York law that allegations that attorneys represented defrauders in certain transactions do not give rise to any inference that the attorneys were aware of the fraud. Weksel, 124 A.D. 2d at 147.

Additionally, the complaint is completely devoid of allegations tending to show that FR&O or Oppenheim gave substantial assistance to Bayou, Israel and Marino in the perpetration of the underlying fraud and breach of fiduciary duty. As defendants point out in their motion papers, the complaint does not identify a single affirmative act by FR&O or Oppenheim that assisted, let alone substantially assisted, Bayou's primary violations. Rather, the Amended Complaint alleges that Bayou (via Marino and Israel) prepared and sent false Net Asset Valuations to the Funds' investors each month and claimed that the Funds were being independently audited when they were not. There is no allegation whatever that FR&O had anything to do with any of those allegedly false, fraudulent and unfaithful actions. The only allegation in the complaint is the wholly conclusory allegation that the law firm was involved (in some unspecified way) in "facilitating the operations of Bayou," by providing it with some sort of legal representation during some unspecified period while the funds were in existence. This is insufficient as a matter of law.

Finally, the essence of plaintiffs' claim is that FR&O and Oppenheim knew that Bayou was a sham operation but failed to disclose that fact to plaintiffs. But FR&O owed no duty to the plaintiffs – including no duty of disclosure. In the absence of a fiduciary duty to speak, there can be no liability for aiding and abetting based on silence. Cumis Ins. Co., 736 F. Supp. at 1234-35; see also Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 195 (D. Conn. 2001)(Failure to act is not a basis for aider and abettor liability in the absence of a duty to act.) Sharp., 402 F. 3d at 50-51 (Mere inaction of an alleged aider and abettor is insufficient as a

to act is not a basis for aider and abettor liability in the absence of a duty to act.) Sharp., 402 F. 3d at 50-51 (Mere inaction of an alleged aider and abettor is insufficient as a matter of law unless the aider and abettor owed a fiduciary duty directly to the plaintiff.) Thus, a law firm does not incur any liability for failing to disclose to investors that its client was engaged in a Ponzi scheme if it had no fiduciary relationship with anyone except its own client. In re Towers Financial Corp. Noteholders Litigation, 936 F. Supp. 126, 127 (S.D.N.Y. 1996); Gould, 263 Conn. at 153.

For all of the above reasons, the three aiding and abetting claims must be dismissed.

Conclusion

The complaint is dismissed as to defendants Faust Rabbach & Oppenheim LLP and Steven Oppenheim.

This constitutes the decision and order of the court.

Dated: January 18, 2006

_____
U.S.D.J.

BY FAX TO ALL COUNSEL