UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

IN RE BAYOU HEDGE FUND INVESTMENT         06 MDL No. 1755 (CM)
LITIGATION
―――――――――――――――――――――――x

THIS DOCUMENT RELATES TO:
―――――――――――――――――――――――x

BROAD-BUSSEL FAMILY LIMITED         06 Civ. 3026 (CM)(MDF)
PARTNERSHIP, MARIE LOUISE
MICHELSOHN, MICHELLE MICHELSOHN AND
HERBERT BLAINE LAWSON, JR., individually
and on behalf of all other persons and entities
similarly situated,

        Plaintiffs,

-against-

BAYOU GROUP LLC, et al.,

        Defendants.
―――――――――――――――――――――――x

<u>Response to April 19, 2007, Letter</u>

McMahon, J.:

      I have received a letter of even date from Berger & Montague, in which the firm announces that the Broad Bussel plaintiffs will "waive" the conflict of interest that arose from my brief beneficial interest in 176 shares of Citicorp stock at the time I dismissed Citibank as a defendant in the class action.

      I appreciate the generosity of professional spirit that motivated Mr. Davidoff's letter. However, it is in our mutual interest to be very precise about what we are saying and how we say it.

      As a techical matter, the conflict that existed last summer is not of the "waivable" variety. What I mean is: Had I been aware of the conflict at the time I was presiding over a case in which Citibank was a party, it could not have been overcome by "waiver." The only ways to overcome it would have been for the Executor/Trustee to sell the stock (as he did with the other shares that gave rise to conflicts with my docket) or for me to recuse myself (which I would have done if he

had, in an exercise of his fiduciary discretion, declined to sell the stock).

But while the conflict itself could not be waived while it existed, I was specifically advised that the Broad Bussel plaintiffs had to be given *the option* to move to vacate my decision dismissing Citibank. Apparently they are not required to do so – they can choose to live the with decision, even though I ought not to have made it. The fair implication of that is that the Broad Bussel plaintiffs can waive their right to mount a future challenge to my decision (including on appeal) on the ground that I had a conflict of interest at the time I issued it. I gather that is the message that Mr. Davidoff is trying to send – that the Broad Bussel plaintiffs will not seek to overturn it on the ground that I was conflicted when I made it, although they may someday ask the Second Circuit to overturn that decision on the merits.

I repeat that I deeply appreciate Mr. Davidoff's generous response to my Notice. But you will not be surprised to learn that I had anticipated a different result – I fully expected a motion to vacate – and as I ponder what Mr. Davidoff has said, I find that I will be quite uncomfortable unless the named class plaintiffs themselves indicate to me, in writing, that (1) they understand their absolute right to seek vacatur of the decision dismissing Citibank as a defendant in this action; (2) they understand that any such application would be heard by a judge other than myself, and that I would have no input into that decision; (3) they appreciate that they must either seek vacatur on the ground of conflict of interest now or be barred from challenging my decision on the ground of conflict of interest in the future; and (4) after consulting with their attorneys, they have decided not to move to vacate the decision, albeit without prejudice to their right to challenge the decision on the merits if they ever take an appeal from a judgment of the Court.

I want to assure both the named plaintiffs and their counsel that *I will take absolutely no offense if they wish to make such a motion*. However, so that the class action – which is, at present, one of only two active cases in the Multi-District Litigation – does not linger in limbo, I would be grateful if that decision were finally made in, say, the next two weeks.

As for Mr. Davidoff's reference to possible future participation in Bayou actions by Citibank/Citicorp as a third party witness, I should explain the following:

(1) I no longer have any interest, direct or beneficial, in any Citicorp stock, and I do not intend to acquire one. So if Citibank were to rejoin the litigation, in whatever posture, I would not be burdened with an automatically disqualifying conflict of interest. I also do not have any interest, including any contingent or beneficial interest, in Mary E. McMahon's marital trust.

(2) Delving further into the Code of Judicial Conduct: As I explained in my notice, the Code imposes on me no obligation to inquire into the financial affairs of any members of my family other than my husband and minor children living in my household (Canon 3(C)(2)). However, under the common law, Mary E. McMahon, my father's widow, is considered to be within the third degree of relationship to me, and if I happen to be aware that a person within the third degree of relationship has a financial interest in a party to a case before me, I would have to recuse myself if that person had an interest that could be "substantially affected" by the outcome of the proceeding. (Canon 3(C)(1)(d)(iii)). If, on the other hand, such person's interest could not

be "substantially affected" by the outcome of the proceeding, I would be bound to follow the usual rule that a judge ought not recuse herself unless there are grounds under the Code of Judicial Conduct to do so.

Obviously, I am aware today that, as of March 31, 2007, Mary E. McMahon was the sole beneficiary of a trust that owned 176 shares of Citicorp stock. I have no idea whether her Trust will still own Citicorp stock if Citibank reenters this litigation in the future. Moreover, Mrs. McMahon would view it as inappropriate if I were to intrude myself into her financial affairs in the future, so I will not be keeping track of the assets in her marital trust on an ongoing basis.

But assuming I were to know, at some relevant future time, that her marital trust continued to own 176 shares of Citicorp, there would be no automatic requirement that her Trustee divest or that I recuse myself (as would be the case if I, my husband or our children owned the stock). The Canons mandate recusal only if the "substantially affected" test is met. The Committee on Codes of Conduct has advised me that I would have to make a fact-intensive inquiry and determine whether an adverse outcome for Citibank in this lawsuit was likely to have a "substantial affect" on Mary E. McMahon's interest. In making such an inquiry, the Committee on Codes of Conduct advises that the judge takes into account, *inter alia*, the number of shares involved and the size of the corporation. I believe I would also have to take into account the size of the corpus of the Trust and the value of the Citibank holdings vis a vis the remainder of the Trust.

Given Citicorp's immense size and net worth and the small number of shares owned by the Trust, one would be hard-pressed to conclude that an adverse result on a discovery motion in this case – or, for that matter, an adverse result in the case itself, should Citibank rejoin as a party defendant – would have a "substantial affect" on Mrs. McMahon's interest in the Trust's Citicorp holdings. But sufficient unto the day for that determination. Rest assured that, if Citibank returns to the fray, I will assume that the Trust still owns the problematic shares and make the appropriate adjudication.

I am grateful for counsel's understanding that I created this mess inadvertently. I am sorry to put Mr. Davidoff to the trouble of obtaining his clients' formal, affirmative assent to the course he proposes (though I am sure he has already discussed the matter with them). I believe, however, that it is in counsel's best interest, as well as my own, to follow this course.

Dated: April 19, 2007

_____
U.S.D.J.

TO ALL COUNSEL ELECTRONICALLY

TO COUNSEL FOR THE BROAD BUSSEL PLAINTIFFS AND CITIBANK BY FAX