1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  *phone* 215/875-3000  |  *fax* 215/875-4604  |  *www.bergermontague.com*

# Berger&Montague,P.C.
### ATTORNEYS AT LAW

| | |
|---|---|
| WRITER'S DIRECT DIAL | (215) 875-4658 |
| WRITER'S DIRECT FAX | (215) 875-4604 |
| WRITER'S DIRECT E-MAIL | lvines@bm.net |

March 2, 2007

**VIA PROCESS SERVER**

Citibank, N.A.
399 Park Avenue
New York, N.Y. 10022

> **Re:**  ***In re Bayou Hedge Funds Investment Litigation,***
> **06 MDL 1755 (CM) (S.D.N.Y.)**
>
> ***Broad-Bussel Family Limited Partnership, et al. v.***
> ***Bayou Group LLC, et al.,* No. 06-CV-03026 (CM) (S.D.N.Y.)**

Dear Sir/Madam:

Enclosed is a *subpoena duces tecum* that has been issued to Citibank N.A. in the above litigation.

Sincerely,

Lane L. Vines

Encl.

cc:  Mark B. Blocker, Esq.
Lawrence J. Lederer, Esq.
Neal A. DeYoung, Esq.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

__Southern__ DISTRICT OF __New York__

| | |
|---|---|
| Broad-Bussel Family Limited Partnership, et al. <br><br> V. <br><br> Bayou Group LLC, et al. | **SUBPOENA IN A CIVIL CASE** <br><br> Case Number:[1] 06-CV-3026 (CM) (MDF) |

TO:  Citibank, N.A.
399 Park Avenue
New York, New York 10022

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE   Fink & Carney <br> 39 W. 37th Street, New York, NY 10018 | DATE AND TIME <br> 3/30/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br><br> _[signature]_, Esq.  ( Atty for plaintiffs ) | DATE <br><br> 3/2/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Berger & Montague, P.C.
1622 Locust Street, Philadelphia, PA  19103  (tel. 215/875-4658)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Schedule A**
**(Citibank, N.A.)**

## I.  DEFINITIONS

The following terms used herein have the respective meanings indicated below:

A.      The term "Citibank" means Citibank, N.A. and, as applicable, its present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf.

B.      The term "Plaintiffs" means Broad-Bussel Family Limited Partnership, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr.

C.      The term "Bayou Hedge Funds" means Bayou Super Fund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Offshore Fund, LLC, Bayou Fund, LLC, Bayou Offshore Fund A, LTD, Bayou Offshore Fund B, LTD, Bayou Offshore Fund C, LTD, Bayou Offshore Fund D, LTD, Bayou Offshore Fund E, LTD, Bayou Offshore Fund F, LTD and Bayou Offshore Master Fund, LTD, and their present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf.

D.      The term "Bayou" means the Bayou Hedge Funds and Bayou Group LLC, Bayou Management LLC, Bayou Securities LLC, Bayou Securities, LTD, Bayou Partners LLC, Bayou Advisors, LLC, Bayou Equities, LLC, IM Partners, IMG, LLC, and Richmond-Fairfield Associates, CPA, PLLC, and their present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United

States or in international locations, and all other persons or entities acting or purporting to act on their behalf, including but not limited to Samuel Israel, III, Daniel E. Marino and James G. Marquez, Jeffrey Fotta, Kenneth Stocker, Kathleen McLaren Williams, Chris D'Amore, Paul Westervelt, Jr. and Paul Westervelt, III.

E.    The term "Bayou Accounts" means all accounts, bank accounts, deposits, loans, financings, and borrowings maintained by Citibank, Wachovia or any other person for or on behalf of any of the Bayou entities and persons.

F.    The term "April 2004 Transfer" means the transfer of some $150 million from one or more of the Bayou Accounts to an account at Barclay's Bank in London in or about April 2004, and the subsequent transfer of such monies back the Bayou Accounts.

G.    The term "2005 Liquidation" means the transfer and/or withdrawal of a total of some $161 million from one or more of the Bayou Accounts in or about April through July 2005, including but not limited to a transfer of some $120 million from one or more of the Bayou Accounts to an account at Deutsche Postbank in Hamburg, Germany and a transfer of some $32 million to somewhere within the United States.

H.    The term "Hennessee" means Hennessee Group LLC, Elizabeth Lee Hennessee and Charles J. Gradante, and, as applicable, their present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf.

I.    The term "Investment Consultant" means any entity or person whose business involved rendering or providing investment advice, or facilitating or executing investment

2

transactions, or in maintaining investments for investors.

J.　　The term "Faust, Rabbach & Oppenheim" means the law firm known as Faust, Rabbach & Oppenheim LLP and its present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf, including but not limited to Steven D. Oppenheim.

K.　　The term "Fotta" means Jeffrey Fotta and all companies that he owns or controls or owned or controlled, including but not limited to Eqyty Research and Management, LLC, Eqyty Research and Management, LTD, and Labor-Management Fund Advisors, LLC, and their present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf.

L.　　The term "Goldman Sachs" means Goldman Sachs Execution and Clearing, L.P. (f/k/a Spear, Leeds & Kellogg) and, as applicable, its present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf.

M.　　The term "Grant Thornton" means Grant Thornton LLP and, as applicable, its present and former divisions, subsidiaries, affiliates, successors, parents, partners, officers, directors and employees, whether located in the United States or in international locations, and all other persons or entities acting or purporting to act on their behalf.

N.　　The term "document" is used in the broadest possible sense and means, without

3

limitation, any written, printed, typed, photostatic, photographed, electronically recorded, electro-magnetically recorded, e-mail, computer disc or tape recorded, or electronic or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof. This definition includes copies of duplicates or documents contemporaneously or subsequently created which have any non-confirming notes or other markings. Without limiting the generality of the foregoing, "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegraphs, e-mails, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonograph records, filings, tapes, disks, data cells, printouts of information stored or maintained by computer or electronic data compilations from which information can be obtained, including, without limitation, electro-magnetically sensitive storage media such as floppy disks and hard disks, and preliminary versions, drafts or revisions of any of the foregoing.

O.    The term "communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and the originals and all non-identical copies of all documents you sent to or received from any person or entity (including, without limitation, inter- and intra-office memoranda, e-mail and other communications).

P.    The term "meeting" means the contemporaneous presence, whether in person or

4

by conference telephone or other conference medium, of two or more persons, whether or not by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

Q.    The terms "refers", "relate", "relating", "regarding", "concern", "concerning" and "in connection with" when used to describe documents are used in the broadest possible sense and include all documents which explicitly or implicitly comprise, reflect, record, memorialize, relate to, embody, discuss, mention, evaluate, consider, review or report on the subject matter of the request, or that were created, generated, reviewed in conjunction with, or maintained as a result of, the subject matter of the request.

R.    The term "you" or "your" refers to Citibank.

## II.    INSTRUCTIONS

A.    Documents produced in response to one specific paragraph of this request need not be produced again, provided they are designated as being responsive to subsequent paragraphs when they are first produced.

B.    The use of the singular form of any word includes the plural and vice versa.

C.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside of its scope.

D.    The terms "all" and "each" shall be construed as all and each.

E.    You are required to produce all of the requested documents which are in your possession, custody or control, including without limitation documents in the possession, custody or control of your subsidiaries, affiliates, merged or acquired predecessors, officers, directors,

5

employees, partners and agents.

F.    If you withhold any information or documents requested herein on the ground of privilege, work product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

(1)    its date of creation and/or receipt;

(2)    the identity of its author and/or signatories;

(2)    the identity of its addressees and/or recipients;

(4)    the type of document (*e.g.*, letter, chart, memorandum, etc.);

(5)    a summary of its contents;

(6)    its present location and custodian;

(7)    a listing of all persons including addressees to whom the contents of the document have been disclosed, in whole or in part, including the date and means of such disclosure; and notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised;

(8)    all purposes for which the document was prepared; and

(9)    the nature of the privilege or other rule of law relied upon and the facts supporting your assertion thereof.

G.    If any otherwise responsive document was, but no longer is in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your

possession, custody or control.

H.     Documents produced pursuant to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph(s) of the requests to which they respond.  If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including without limitation notations on the front or back of the document, such non-identical copies must be produced.

I.     These discovery requests are continuing in nature so as to require supplemental responses if additional information is discovered subsequent to filing your answers hereto.

J.     Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, should any responsive documents or other information be in an electronic format, consist of electronic data, or be electronically stored, you shall produce such matter in its native format and which shall include all metadata.  "Electronic data" means any and all information stored or maintained in electronic format including, without limitation, all electronic files, databases, data images or electronic mail stored in any electronic media including, without limitation, desktop or laptop computers, computer hard drives, personal digital assistants, portable email devices, network or group servers, email servers, backup tapes or drives, catastrophe recovery devices or any other portable data storage device such as CD ROMs, DVD ROMs, floppy disks, or disc drives.

K.     For any document or electronic data that would have been responsive to a Request, but said document or data is no longer in existence, identify it and state:

(1)     the date when such document or electronic data ceased to exist;

7

(2)    the circumstances under which it ceased to exist;

(3)    the person(s) who had custody of the document or electronic data prior to its destruction;

(4)    the person(s) who have knowledge of the circumstances under which the document or electronic data was destroyed;

(5)    the persons who have/had knowledge of the content of the document or electronic data;

(6)    if you contend that a document or electronic data was destroyed pursuant to a records or electronic data retention policy, identify and produce a written copy of the applicable policy.

## III.    RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant time period of these document requests is January 1, 1996 through the present, and shall include all documents and information produced or created during that period, and shall also include all documents which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## IV.    DOCUMENTS REQUESTED

1.    All documents sufficient to identify each of the Bayou Accounts.

2.    All documents sufficient to identify your employees and agents that had primary responsibility for maintaining, overseeing and processing transactions in the Bayou Accounts.

3.    All contracts, agreements and understandings you had that relate to Bayou or the Bayou Accounts.

4.      All documents that concern or relate to Citibank's policies and protocols

applicable to the processing, monitoring and reporting of transactions in the Bayou Accounts.

5.      All bank statements and other listings and summaries of transactions in the Bayou

Accounts.

6.      All documents that relate to the April 2004 Transfer.

7.      All documents that relate to the 2005 Liquidation.

8.      All documents which concern or reflect any investigation, regulatory proceeding

or other proceeding related to Bayou by the United States Attorney, the Securities and Exchange

Commission, the Commodity Futures Trading Commission, any securities exchange, or any other

governmental or quasi-governmental regulator.

9.      All communications between you and any of the following persons in connection

with Bayou or Hennessee:

        a.      Bayou;

        b.      Hennessee;

        c.      any Investment Consultant;

        d.      Faust, Rabbach & Oppenheim;

        e.      Samuel Israel, III;

        f.      Daniel E. Marino;

        g.      James G. Marquez;

        h.      Jeffrey Fotta;

        i.      Goldman Sachs;

        j.      Grant Thornton;

          k.        any law enforcement officer, office, agency or entity;

          l.        any regulatory officer, office, agency or entity; and

          m.       any person in connection with civil or criminal litigation, arbitration or

bankruptcy.

      10.     All documents that you have provided or produced to any of the following persons

in connection with Bayou or Hennessee:

          a.        Bayou;

          b.        Hennessee;

          c.        any Investment Consultant;

          d.        Faust, Rabbach & Oppenheim;

          e.        Samuel Israel, III;

          f.        Daniel E. Marino;

          g.        James G. Marquez;

          h.        Jeffrey Fotta;

          i.        Goldman Sachs;

          j.        Grant Thornton;

          k.        any law enforcement officer, office, agency or entity;

          l.        any regulatory officer, office, agency or entity; and

          m.       any person in connection with civil or criminal litigation, arbitration or

bankruptcy.

      11.     All documents concerning your policies and practices for the preservation and

destruction of e-mail and other documents.

10

12.     To the extent not already produced, all documents that relate to Bayou.

13.     To the extent not already produced, all documents that relate to Hennessee.

413560.wpd