UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                       :
IN RE BAYOU HEDGE FUND INVESTMENT   :  MDL No. 1755 (CM)
LITIGATION                                           :

------------------------------------------------------------ X

THIS DOCUMENT RELATES TO:
------------------------------------------------------------ X
                                                       :
BROAD-BUSSEL FAMILY LIMITED           :  No. 06 Civ. 3026 (CM)
PARTNERSHIP, MARIE LOUISE,            :
MICHELSOHN, MICHELLE MICHELSOHN, and :
HERBERT BLAINE LAWSON, JR., Individually :  **ELECTRONICALLY FILED**
and on Behalf of All Other Persons and Entities :
Similarly Situated,                          :
                                                       :
                     Plaintiffs,           :
                                                           :
                - against -                   :
                                                           :
BAYOU GROUP LLC, et al.,                 :
                                                         :
                   Defendants.          :
                                                         :
------------------------------------------------------------ X

**CITIBANK, N.A.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR ENTRY OF A FINAL JUDGMENT PURSUANT TO RULE 54(b)**

| | |
|---|---|
| Benjamin R. Nagin (BN 0539) | Mark B. Blocker |
| Catherine B. Winter (CW 3053) | Sidley Austin LLP |
| Sidley Austin LLP | One South Dearborn Street |
| 787 Seventh Avenue | Chicago, Illinois 60603 |
| New York, New York 10019 | (312) 853-7000 |
| (212) 839-5300 | (312) 853-7036 (fax) |
| (212) 839-5599 (fax) | |
| | John K. Van De Weert |
| | Sidley Austin LLP |
| | 1501 K Street, N.W. |
| | Washington, D.C. 20005 |
| | (202) 736-8000 |
| *Counsel for Defendant Citibank, N.A.* | (202) 736-8711 (fax) |

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT.........................................................................................................................1

    I.      The Standard for Rule 54(b) Certification is Met Here ............................................1

    II.     Plaintiffs' Attempts to Revive Their Claims Are No Reason to
            Deny 54(b) Certification .........................................................................................3

CONCLUSION......................................................................................................................5

-ii-

# **TABLE OF AUTHORITIES**

### **Cases**

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) ..........................2

Ginett v. Computer Task Group, Inc., 962 F.2d 1085 (2d Cir. 1996) ..........................................1, 2

Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158 (2d Cir. 2005) ..........................2

Hogan v. Conrail, 961 F.2d 1021 (2d Cir. 1992)..............................................................................1

Slayton v. American Express Co., 460 F.3d 215 (2d Cir. 2006) ......................................................3

### **Statutes & Rules**

Fed. R. Civ. P. 41(b) ........................................................................................................................3

Fed. R. Civ. P. 54(b) .....................................................................................................................1, 5

## INTRODUCTION

Entry of a final judgment under Rule 54(b) is needed in this case because of plaintiffs' continuing – and admitted – disregard for the Court's September 7, 2006 Order (the "September Order"), which dismissed all claims against Citibank and denied plaintiffs' request to replead. In spite of the September Order, plaintiffs trumpet their attempts to take "discovery regarding the culpability of Citibank's conduct" (Pl. Resp. at 15), [1] and their intent to seek leave to replead (*id.* at 15-16). They all but ignore this Court's denial of such leave in the September Order:

> I decline plaintiffs' suggestion that I grant them leave to amend
> their complaint yet again so that they can try to replead their claim
> for aiding and abetting fraud against Citibank.

(September Order at 7). This avowed intent to disregard the September Order strongly supports entry of a final judgment at this juncture. Moreover, all of the requirements for entry of a Rule 54(b) final judgment under Second Circuit law are readily satisfied. Thus, Citibank's motion for entry of a final judgment under Fed. R. Civ. P. 54(b) should be granted.

## ARGUMENT

**I.   THE STANDARD FOR RULE 54(b) CERTIFICATION IS MET HERE.**

In their Response, plaintiffs rely heavily on the idea that Rule 54(b) certification "'is to be exercised sparingly.'" (Pl. Resp. at 10), citing Hogan v. Conrail, 961 F.2d 1021, 1025 (2d Cir. 1025 (2d Cir. 1992). However, the Second Circuit expressly retreated from that standard in Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1095 (2d Cir. 1992). There, the court eschewed terms such as "infrequent harsh case," "unusual," "exceptional," and "extraordinary," given the growth of complex multi-party litigation. Instead, the Second Circuit indicated that the

---

[1] "Plaintiffs' Memorandum of Law in Opposition to Defendant Citibank, N.A.'s Motion for Entry of a Final Judgment Pursuant to Fed. R. Civ. P. 54(b)" is referred to as "Plaintiffs' Response" or "Pl. Resp." herein.

test under Rule 54(b) is whether certification serves "the interest of sound judicial administration." Id.  Here, that interest counsels strongly in favor of entering a Rule 54(b) judgment.

In their Response, Plaintiffs fail even to address the decisions in Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16-17 (2d Cir. 1997), and Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).  Those cases make clear that Rule 54(b) certification is appropriate where a separable issue can be resolved by the Court of Appeals, in a way that would allow the dismissed claims or parties to be re-included in the District Court proceedings – if necessary – before trial.  (Citibank Mem. at 5-6).  That would save the expenses of multiple trials.  In addition, there would be no extra burden on the Court of Appeals, as the issue in the appeal would be unrelated to any other issues in the case.

This reasoning applies with particular force in this case.  An interlocutory appeal on the issues addressed in September Order would allow Citibank to participate in a single trial of this action (in the unlikely event that the September Order is reversed).  Moreover, as in Advanced Magnetics and Grand River Enterprises, the issues that would be involved in an appeal of the September Order – legal questions, decided on a Rule 12(b)(6) motion, about the standards for stating a claim of derivative liability against a depository bank – are entirely unrelated to the remaining issues in the case.

Plaintiffs' argument in opposition to Rule 54(b) certification is two-fold.  First, they claim that a separate trial as to Citibank would be "streamlined" by a prior trial on the claims against the other defendants.  But that approach would be improper and unfair: essentially, plaintiffs would seek to bind Citibank by the finding of a proceeding in which Citibank would have no role.  But there can be no "*res judicata*" (Pl. Resp. at 12) in such a situation.  Second,

plaintiffs assert that their claims against Citibank are "inextricably interrelated" with their other claims. (Pl. Resp. at 13-14). This argument founders as well. The idea that proving Citibank's alleged involvement in the fraud is the same as proving the existence of the underlying fraud – or the involvement of other defendants in the fraud – is without foundation and defies common sense. Citibank is alleged to have facilitated a purportedly improper transfer of the Bayou Funds' property (Pl. Resp. at 5), and that transfer is but one small piece of the long-term fraud that plaintiffs allege was conducted by the other defendants. And plaintiffs treat the underlying fraud as "admitted," (Pl. Resp. at 1), essentially belying any overlap of proof. Moreover, if the claims are "inextricably interrelated," it would be far more efficient to have the unique legal issues presented in the September Order resolved before – not after – a trial on the merits.

In short, this is the unusual case – like Advanced Magnetics and Grand River Enterprises – in which separable legal issues can be certified under Rule 54(b), and subject to final resolution, in a manner that can only streamline the ultimate resolution of the case.

## II. PLAINTIFFS' ATTEMPTS TO REVIVE THEIR CLAIMS ARE NO REASON TO DENY 54(b) CERTIFICATION.

Plaintiffs also protest that Rule 54(b) certification is improper because the September Order "did *not* dismiss all of plaintiffs' claims with prejudice" (Pl. Resp. at 15), and therefore they should be permitted to engage in an ongoing fishing expedition in an attempt to seek leave to amend, rather than having this Court permit an appeal. Contrary to plaintiffs' repeated arguments about their ability to restate claims against Citibank, however, an order that dismisses claims without leave to replead is generally a final order. See Slayton v. American Express Co., 460 F.3d 215, 224 (2d Cir. 2006) (cited in Pl. Resp. at 15); see also Fed. R. Civ. P. 41(b) (any dismissal not otherwise provided for "operates as an adjudication upon the merits"). Here, the September Order denied leave to replead. While the September Order was saved from being a

final *judgment* because of Rule 54 and the presence of multiple parties, it was no less a resolution of the claims asserted against Citibank.

What plaintiffs propose to conduct in this case is an open-ended process to allow them to haul Citibank back into a proceeding based on information they hope to unearth in discovery. But that is the reverse of the way that litigation is conducted under the Federal Rules. The Rules require a Complaint to be filed first, and then allow discovery before a trial. Here, the Court has already held that the plaintiffs have failed the fundamental test of pleading any viable claim against Citibank. They should not be permitted to now use the tools of litigation to try to resurrect their claims.

**CONCLUSION**

For all of these reasons and reasons set forth in its opening memorandum, a final judgment should be entered, pursuant to Fed. R. Civ. P. 54(b), on the dismissal of the claims asserted against Citibank.

Respectfully submitted,

Dated: June 22, 2007                    SIDLEY AUSTIN LLP

By: /s/ John K. Van De Weert
Benjamin R. Nagin (BN 0539)
Catherine B. Winter (CW 3053)
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)

Mark B. Blocker
(admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
(312) 853-7036 (fax)

John K. Van De Weert
(admitted *pro hac vice*)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Counsel for Defendant Citibank, N.A.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 22, 2007, a copy of Citibank, N.A.'s Reply Memorandum of Law in Further Support of its Motion for Entry of a Final Judgment Pursuant to Rule 54(b) was filed electronically and served by U.S. mail, first class postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                      /s/ John K. Van De Weert
                                                                         John K. Van De Weert