_____ (f)    (i) A person that is not a United States person. For these purposes, the term "United States" means the United States, its states, territories or possessions.  The following persons are not considered to be a "United States person": (i) a natural person who is not a citizen or resident of the United States; (ii) a partnership, corporation or other entity, other than an entity organized principally for passive investment, organized under the laws of a foreign (i.e., non-U.S.) jurisdiction; (iii) an estate or trust the income of which is not subject to United States income tax regardless of source; (iv) an entity organized principally for passive investment, such as a pool, investment company or other similar entity, provided that units of participation in the entity held by United States persons represent in the aggregate less than 10% of the beneficial interest in the entity and such entity was not formed principally for the purpose of facilitating investment by United States persons in an exempt pool; and (v) a pension plan for the employees, officers or principals of an entity organized and with its principal place of business outside the United States.

_____    (ii) An entity in which all of the unit owners or participants are persons who are qualified eligible participants under any of the above categories.

_____    (iii) A foreign bank or a foreign financial institution?

_____    (iv) An entity that currently has an anti-money laundering program?

## *Section 4*

4.1    *For All Proposed Investors in any Bayou Managed Fund*.

(a)    Have the Fund's activities been disclosed to you?

Yes _____ No _____

(b)    In that regard, do you understand:

(i)    the risks involved in trading securities, financial instruments, indices and derivatives thereof?

Yes _____ No _____

(ii)    the business of the Fund, including the use of margin, and the risks of investing in the Fund?

Yes _____ No _____

(c)    Do you understand that you have an opportunity to question a representative of the Fund about the Manager, this investment, the Fund, the Fund's operations and the Fund's method of doing business?

Yes _____ No _____

(d)    Do you understand that the Fund may or may not have both long and short positions, either separately or simultaneously?

Yes _____ No _____

(e)    Do you understand that the Fund may or may not be hedged against risk, either as to specific positions or on an overall basis?

Yes _____ No _____

(f)    Do you understand that the owner of the Manager is the sole owner of the primary broker who will be executing trades on behalf of the Fund, and in such capacity it will receive commissions from the Fund?

Yes _____ No _____

(g)    Do you understand that the relationship between the Fund and the primary broker who will be executing trades on behalf of the Fund is not arm's length, and that such trades may not be at the best available prices?

Yes _____ No _____

(h)    Do you understand that the trading strategy utilized by the Fund generates a disproportionately high number of transactions compared to other trading strategies, which results in greater than usual commissions paid to brokers, including the primary broker?

Yes _____    No _____

(i)    Do you understand that Principals affiliated with the Manager can and will execute trades for themselves and others that might be in direct conflict with the Fund?

Yes _____    No _____

(j)    Do you understand that the Manager will also be the manager for other funds, and it or an affiliated company will advise customers and other accounts with the same investment objectives as the Fund.  Directly or indirectly, the Principals of the Manager are the owners   of   and   are   employed   as   Registered Representatives of the firm which will be executing trades on its behalf.  When effecting transactions for the Fund, they may, and most likely will, also be effecting similar or identical transactions for such other funds, customers and accounts (and may also be doing so for their own accounts and for the accounts of  their  families).   In each such case, they will endeavor to treat the Fund and all other funds, other customers and accounts on an essentially pro-rata basis in, among other things, effecting purchases and sales and allocating commissions and brokerage fees. However, in some instances, parity will be difficult or impractical and the Fund may pay more, or receive less or pay greater commissions and fees when buying, selling or otherwise effecting transactions than such other funds, customers or accounts which are buying or selling   or   otherwise   effecting   similar   or   even identical transactions.  For all purposes hereof, none of the foregoing shall be deemed unlawful, improper or inconsistent with their obligations to the Fund.

Yes _____    No _____

(k)    Do you understand that the Fund employs margin and utilizes   short  sales  as  part  of  its  investment strategy, which may result in greater losses or lower profits than if it did not do so?

Yes _____    No _____

(l)     Do you understand that there is no guarantee of any
        financial return on this investment and that you run
        the risk of losing your entire investment?

                                        Yes _____    No _____

(m)     Do you understand that the investment in the limited
        liability company may not be sold but may be redeemed
        in accordance with the Operating Agreement?

                                        Yes _____    No _____

(n)     Do you understand that your interest in the Fund is
        not assignable or transferrable except by operation of
        law or the consent of the Manager?

                                        Yes _____    No _____

(o)     Do you understand that potential tax consequences from
        this investment are dependent upon the Fund and its
        activities meeting various requirements, established
        by the Internal Revenue Code and its Regulations
        (which may be changed in the future), and that there
        can be no guarantees or assurances that the Fund will
        be able to meet these requirements?

                                        Yes _____    No _____

(p)     Given the complex tax issues regarding the Fund's
        activities, do you understand that you should consult
        with your own tax advisor regarding this type of Fund?

                                        Yes _____    No _____

(q)     If you are employed by an organization which is or
        will be doing business with the Fund, the Manager or       NA
        anyone so affiliated or is a registered broker-dealer:

        (i)     Have you informed your employer regarding your
                investment in this Fund?

                                        Yes _____    No _____

        (ii)    Do you require your employer's approval to
                invest in this Fund?

                                        Yes _____    No _____

        (iii)   If required, have you received your employer's
                approval to invest in this Fund?

                                        Yes _____    No _____

F:\1676-102\SUB'DOC.059
mvk\02\28\03

(r)  To the best of your knowledge, is there any reason why you should not or could not invest in this Fund? Yes _____  No _~~(signature)~~_

(s)  Do you understand that you may acquire an interest in the Fund for investment only, and not with a view to the sale or other distribution thereof? Yes _~~(signature)~~_  No _____

(t)  Are you a U.S. national?

Yes _~~(signature)~~_  No _____

If "yes," please provide a copy of an unexpired passport or other government identification showing your nationality and your residence and which contains your photograph or some other biometric safeguard such as a fingerprint. The number of this document, which was issued by ~~REDACTED~~

If "no," please provide a copy of your unexpired alien registration card, foreign passport, or other government-issued identification showing your nationality, your residence, and your photograph or other biometric safeguard such as a fingerprint. The number of this document, which was issued by _____ on _____, is _____. In addition, please answer the following questions.

(u)  Are you a "senior foreign political figure," defined as a senior official in the executive, legislative, administrative, military or judicial branches of a foreign government (whether elected or not), a senior official of a major foreign political party, or a senior executive of a foreign government-owned corporation?

Yes _____  No _~~(signature)~~_

If "yes," please explain:

_____
_____
_____

(v)    Are you the "immediate family of a senior political figure," which typically includes the figure's parents, siblings, spouse, children and in-laws?

Yes _____    No _____

If "yes", please explain:

_____
_____
_____

(w)    Are you a "close associate of a senior foreign political figure," defined as a person who is widely and publicly known to maintain an unusually close relationship with the senior foreign political figure, and includes a person who is in a position to conduct substantial domestic and international financial transactions on behalf of the senior foreign political figure?

Yes _____    No _____

If "yes", please explain:

_____
_____
_____

(x)    Will you be holding this account for, or on behalf of, anybody other than yourself?

Yes _____    No _____

If "yes", please answer the following questions.

(i)    For whom, or on whose behalf, will you be holding this account?

_____
_____

If this is a U.S. individual or natural person, please provide a copy of that person's unexpired driver's license or passport or other government identification showing that person's nationality and residence and which contains that person's photograph or some other biometric safeguard such as that person's fingerprints. The number of this document, which was issued by _____ on _____, is _____.  Please also include copies of

any documents that verify your authority to act as a representative of that person.

If this is a foreign individual or natural person, please provide a copy of that person's unexpired alien registration card, foreign passport, or other government-issued identification showing that person's nationality and residence, and which contains that person's photograph or other biometric safeguard such as that person's fingerprints. The number of this document, which was issued by _____ on _____, is _____. Please also include copies of any documents that verify your authority to act as a representative of that person.

If this is a corporate or business entity, please provide copies of that entity's certificate of incorporation, articles or organization, a government-issued business license, or similar documents such as partnership agreements or corporate resolutions that identify the business purpose of the entity and its place and date of charter. Please also include copies of any documents that verify your authority to act as a representative of that entity.

If you are unable or unwilling to provide any of this information, please explain:

_____

_____

_____

[INTENTIONALLY LEFT BLANK]

F:\1676-102\SUB'DOC.059
mvk\02\28\03

(ii)    Is this individual or entity a "senior foreign political figure," the "immediate family of a senior foreign political figure," a "close associate of a senior foreign political figure," or any corporation, business, or other entity that has been formed by, or for the benefit of, a senior foreign political figure, its immediate family, or a close associate?

Yes _____   No _____

If "yes", please explain:

_____
_____
_____
_____
_____

(y)    To the best of your knowledge, what is the source of the funds that will be deposited in your account?

_____
_____
_____
_____
_____
_____

(z)    Will you have an investment advisor or other Qualified Purchaser Representative review the merits of this investment?

Yes _____   No _____

If yes, please provide the information request below for such Purchaser Representative:

Name: _____

Company: _____

Address: _____

Telephone: _____

Fax: _____

E-Mail: _____

## Section 5

5.1    <u>Investment Company Act</u>.  The undersigned understands that the Fund will not register as an investment company under the Investment Company Act of 1940 (the "ICA"), by reason of Section 3(c)(1) thereof (which excludes from the definition of "investment company" any issuer which has not made and does not presently propose to make a public offering of its securities and whose outstanding securities are beneficially owned by not more than 100 persons).

If the undersigned is an entity and is not required to register under the ICA by reason of Section 3(c)(1), the undersigned certifies that:

(a)    It was not formed for the purpose of investing in the Fund nor will its beneficial owners contribute additional capital for the purpose of purchasing Membership Interests;

(b)    Its investment in the Fund is not and will not be allocated to the accounts of only certain beneficial owners;

(c)    Its proposed investment in the Fund, (together with any amounts previously invested by it in the Fund), will be less than 40% of its total assets; and

(d)    It is not aware of any circumstances presently existing or contemplated which, under federal or state law relating to securities, investment companies or investment advisers, would result in any of its beneficial owners being treated as an offeree or purchaser of an investment in the Fund.

## Section 6

6.1    <u>Backup Withholding</u>.  Under the penalties of perjury, the undersigned certifies that:

(a)    The social security number or tax identification number listed by it in this Agreement is true, correct and complete and that it is not subject to backup withholding under Internal Revenue Code §3406(a)(1)(c), either because (i) it has not been notified that it is subject to backup withholding as a result of a failure to report all interest or

dividends, or (ii) the IRS has notified it that it is no longer subject to backup withholding; or

(b)    It is not a U.S. citizen or resident and is not engaged in a U.S. trade or business.

<u>Section 7</u>

7.1    <u>Power of Attorney</u>.    The undersigned, as principal, does hereby constitute and appoint the Manager, as the undersigned's true and lawful attorney, in the name, place and stead of the undersigned as partner of the Fund, to make, execute, sign, acknowledge, swear to and file:

(a)    All filings, if any, which require the signature of one or more Members, including, without limitation, any such filing for the purpose of admitting the undersigned and others as Members of the Fund and describing their initial or any increased capital contributions;

(b)    Any and all instruments, certificates and other documents which may be deemed necessary or desirable to effect the winding-up and termination of the Fund (including, but not limited to, a Certificate of Cancellation of the Certificate of Membership);

(c)    Any business certificate, fictitious name certificate, amendment thereto, or other comparable instrument or document of any kind necessary or desirable to accomplish the business, purpose and objectives of the Fund, or required by any applicable federal, state or local law; and

(d)    Any documents, instruments and conveyances as may be necessary or appropriate to carry out the provisions of the Operating Agreement.

The undersigned does hereby ratify and confirm all whatsoever that its said attorney shall do, or cause to be done, by virtue of this power of attorney.

This power of attorney is coupled with an interest, is irrevocable, and shall survive and shall not be affected by the death, disability, incompetence, termination, bankruptcy, insolvency or dissolution of the undersigned. Such representative and attorney-in-fact shall not have any right, power or authority to amend or modify the Operating Agreement of the Fund when acting in such capacity.

<u>Section 8</u>

8.1    <u>Indemnity</u>. The undersigned agrees to indemnify and hold harmless the Fund, the Manager, and each other person, if any, who controls or is controlled by any thereof, within the meaning of Section 15 of the Securities Act, against any and all loss, liability, claim, damage and expense whatsoever (including, but not limited to, any and all expenses reasonably incurred in investigating, preparing or defending against any litigation commenced or threatened or any claim whatsoever) arising out of or based upon any false representation or warranty or breach or failure by the undersigned to comply with any covenant or agreement made by the undersigned herein or in any other document furnished by the undersigned to any of the foregoing in connection with this transaction.

8.2.    <u>Modification</u>. Neither this Agreement nor any provisions hereof shall be modified, discharged or terminated except by an instrument in writing signed by the party against whom any waiver, change, discharge or termination is sought.

8.3.    <u>Notices</u>. Any notice, demand or other communication which any party hereto may be required, or may elect, to give to anyone interested hereunder shall be sufficiently given if (a) deposited, postage prepaid, in a United States mail letter box, registered or certified mail, return receipt requested, addressed to such address as shall have been provided in writing to the Manager, or (b) delivered personally at such address.

8.4.    <u>Binding Effect</u>. Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the parties and their heirs, executors, administrators, successors, legal representatives and permitted assigns. If the undersigned is more than one person, the obligations of the undersigned shall be joint and several and the agreements, representations, warranties and acknowledgments herein contained shall be deemed to be made by and be binding

upon each such person and its heirs, executors, administrators and successors.

8.5    <u>Entire Agreement</u>.  This instrument contains the entire agreement of the parties, and there are no representations, covenants or other agreements except as stated or referred to herein.

8.6    <u>Assignability</u>.  This Agreement is not transferable or assignable by the undersigned except as is expressly permitted in the Operating Agreement.

8.7    <u>Applicable Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut applicable to contracts made and to be performed entirely within such state.  The undersigned agrees that all controversies which may arise between the undersigned and the Fund or the Manager shall be determined and settled by arbitration in New York, New York pursuant to the rules of the American Arbitration Association. Any award rendered therein shall be final and conclusive upon the parties, and a judgment thereon may be entered in any court of competent jurisdiction.  This paragraph shall survive the expiration or termination of this Agreement.

8.8    <u>Gender</u>.  All pronouns contained herein and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the parties hereto may require.

8.9    <u>Counterparts</u>.  This Agreement may be executed through the use of separate signature pages or in any number of counterparts, and each of such counterparts shall, for all purposes, constitute one agreement binding on all the parties, notwithstanding that all parties are not signatories to the same counterpart.


[INTENTIONALLY LEFT BLANK]


F:\1676-102\SUB'DOC.059
mvk\02\28\03

8.10    <u>Nature of Offering</u>.    THE INTERESTS OFFERED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF CERTAIN STATES AND ARE BEING OFFERED AND SOLD IN RELIANCE ON EXEMPTIONS FROM THE REGISTRATION REQUIREMENTS OF SAID ACT AND SUCH LAWS.    THE INTERESTS ARE SUBJECT TO RESTRICTION ON TRANSFERABILITY AND RESALE AND MAY NOT BE TRANSFERRED OR RESOLD EXCEPT AS PERMITTED UNDER SAID ACT AND SUCH LAWS PURSUANT TO REGISTRATION OR EXEMPTION THEREFROM.    THE INTERESTS HAVE NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION, ANY STATE SECURITIES COMMISSION OR OTHER REGULATORY AUTHORITY, NOR HAVE ANY OF THE FOREGOING AUTHORITIES PASSED UPON OR ENDORSED THE MERITS OF THIS OFFERING OR THE ACCURACY OR ADEQUACY OF THE MEMORANDUM.    ANY REPRESENTATION TO THE CONTRARY IS UNLAWFUL.


[INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned Investor has executed this Subscription Agreement, Investment Representation and Power of Attorney on the _27_ day of _May_____, _2003_.

Name of Subscribing Limited Partner
_Marie-Louise Michelsohn_

By: _Marie Louise Michelsohn_
      (Signature)

Type Name of Signatory: _____

Title: _____

Legal Residence of Investor:
_29 North Rd    Stony Brook, NY_
                    _11790_

Mailing Address:
_29 North Rd_
_Stony Brook, NY    11790_

Tel No.: REDACTED

E-Mail: _____

Overnight Courier Address:
(NO POST OFFICE BOX NUMBERS)
_29 North Rd_
_Stony Brook, NY_
                _11790_

Capital Contribution
$_250,000_

REQUIRED
Social Security Number or
Tax Identification Number
of Subscribing Member

REDACTED

IF MULTIPLE SIGNATURES ARE REQUIRED, ATTACH ADDITIONAL COPIES OF THIS PAGE AS NEEDED AND CHECK HERE __✓__

F:\1676-102\SUB'DOC.059
mvk\02\28\03

*SIGNATURE PAGE*

<u>Amended and Restated Operating Agreement</u>

IN WITNESS WHEREOF, the undersigned have hereunto set their hands as of this ___27___ day of ___May___, 2003.

<u>Manager</u>:

<u>Member/Investor</u>:

BAYOU MANAGEMENT, L.L.C.

___Marie-Louise Michelsohn___
Print Name of Member/Investor

By: _____
Name: Sam Israel III
Title: Manager

By: _____
Member or Authorized Signatory


_____
Print Name of Authorized Signatory


_____
Title of Authorized Signatory

**INDICATE FUND:**

___✓___    BAYOU ACCREDITED FUND LLC

_____    BAYOU AFFILIATES FUND LLC

_____    BAYOU NO LEVERAGE FUND LLC

_____    BAYOU OFFSHORE FUND LTD

_____    BAYOU SUPERFUND LLC


IF MULTIPLE SIGNATURES ARE REQUIRED, ATTACH ADDITIONAL COPIES OF THIS PAGE AS NEEDED AND CHECK HERE ___✓___

IN WITNESS WHEREOF, the undersigned Investor has executed this Subscription Agreement, Investment Representation and Power of Attorney on the _27th_ day of _May_____, _2003_.

Name of Subscribing Limited Partner

_Michelle Michelsohn_

By: _____
       (Signature)

Type Name of Signatory:

_____

Title: _____

Legal Residence of Investor:
_299 Riverside Dr  Apt 6A_
_NY, NY    10025_

Mailing Address:
_299 Riverside Dr Apt 6A_
_NY, NY,    10025_

Tel No.: _____

E-Mail: ~~REDACTED~~

Overnight Courier Address:
(NO POST OFFICE BOX NUMBERS)
_299 Riverside Dr  Apt 6A_
_NY, NY_
_10025_

Capital Contribution
$ _250,000_

**REQUIRED**
Social Security Number or
Tax Identification Number
of Subscribing Member
~~REDACTED~~

_____

IF MULTIPLE SIGNATURES ARE REQUIRED, ATTACH ADDITIONAL COPIES
OF THIS PAGE AS NEEDED AND CHECK HERE _____

F:\1676-102\SUB'DOC.059
mvk\02\28\03

*SIGNATURE PAGE*

<u>Amended and Restated Operating Agreement</u>

IN WITNESS WHEREOF, the undersigned have hereunto set their hands as of this <u>27th</u> day of <u>May 2003</u>, <u>2003</u>.

<u>Manager:</u>

**BAYOU MANAGEMENT, L.L.C.**

By: _____
Name: Sam Israel III
Title: Manager

<u>Member/Investor:</u>

<u>Michelle Michelsohn</u>
Print Name of Member/Investor

By: _____
Member or Authorized Signatory

_____
Print Name of Authorized Signatory

_____
Title of Authorized Signatory

**INDICATE FUND:**

✓ BAYOU ACCREDITED FUND LLC

____ BAYOU AFFILIATES FUND LLC

____ BAYOU NO LEVERAGE FUND LLC

____ BAYOU OFFSHORE FUND LTD

____ BAYOU SUPERFUND LLC

IF MULTIPLE SIGNATURES ARE REQUIRED, ATTACH ADDITIONAL COPIES OF THIS PAGE AS NEEDED AND CHECK HERE ____ ✓

F:\1676-102\SUB DOC.059
mvk\02\28\03

Page 28

*BAYOU FUNDS*                    **INVESTOR'S COPY**

## SUBSCRIPTION DOCUMENTS

Name of Fund: <u>BAyou ACCREDITED FUND</u>, L.L.C.

Subscription Document No: <u>856</u>

Subscriber's Name: <u>H. Blaine Lawson, Jr.</u>

PLEASE READ THE INSTRUCTIONS ON THE FOLLOWING PAGE.

PLEASE RETURN THIS ENTIRE DOCUMENT
WITH YOUR CHECK OR WIRE TRANSFER INSTRUCTIONS
TO:
BAYOU MANAGEMENT, L.L.C.
40 SIGNAL ROAD
STAMFORD, CONNECTICUT 06902

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

## BAYOU

### Subscription Documents

In connection with a subscription for Membership being offered in a Bayou managed fund (in each case, "Fund"), the following enclosed documents should be properly and fully completed and signed. The funds should be wired at least two (2) business days prior to the subscription date (please refer to Wire Transfer Instructions). The original of the subscription document should then be express mailed to Bayou Management, LLC at the address below. Please keep a photocopy of these subscription documents for your own records. However, you will receive a countersigned copy for your records.

*If you are adding capital to your account, do not fill out the subscription documents again. Simply send a letter to Bayou Management, L.L.C. stating that you would like to add capital to your account with the specific Bayou Fund's name as of a certain Valuation Date.*

**All communications, whether first-time subscriptions or additions to capital accounts, should include the wiring instructions given to your bank, a contact person and telephone number at that bank, your contact information, the amount of the wire, and the value date of the wire.**

A Fund retains the right to refuse to accept, in whole or in part, applications for subscription. Applications properly tendered and paid for, received and accepted by a Fund as provided above, will be held for investment in the Fund as of the relevant Valuation Date. Upon acceptance of an investor by a Fund and clearance of his funds, a transaction advice confirmation will be transmitted to the investor.

## Documents to be Executed

1.     Subscription Agreement, Power of Attorney, and Investment Representation Agreement.

   (a)    All subscribers are required to **initial** the appropriate entries on pages 10 through 14.

   (b)    All subscribers are required to **answer** all questions on pages 15 through 23.

   (c)    All subscribers are required to **complete and sign** page 28.

2.     Certificates of Authorization.

   (a)    If the Investor is a corporation, please complete Exhibit A (pages 32 and 33).

   (b)    If the Investor is a partnership, please complete Exhibit B (page 34).

   (c)    If the Investor is a limited liability company, please complete Exhibit C (pages 35 and 36).

   (d)    If the Investor is a custodian, trustee, or agent, please completed Exhibit D (page 37).

3.     Sign the Amended and Restated Operating Agreement Signature Page indicating the appropriate Limited Liability Company (page 29).

4.     Complete Subscriber Profile Form (pages 30 and 31).

5.     Complete either Form W-9 (page 39) or Form W-8BEN (page 40).

6.     If a certification regarding correspondent accounts for foreign banks is required, complete pages 41-46.

Please return the completed and signed documents via overnight mail to the following address (keep your receipt for tracking purposes):

        Bayou Management, L.L.C.
        40 Signal Road
        Stamford, Connecticut 06902

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

<u>BAYOU</u>

<u>SUBSCRIPTION DOCUMENTS</u>

INSTRUCTIONS

1.    The attached Investor Questionnaire is to be completed by all Prospective Investors.  **All questions must be answered** in detail and then <u>signed</u> and <u>dated</u> by the Subscriber(s).  The Subscription Agreement (Page 28) and Operating Agreement Signature Page (Page 29) must be signed by all Subscribers.

2.    To complete the Subscription Agreement, please insert the <u>AMOUNT</u> of the Interest subscribed for on Page 28 where indicated.

3.    The Operating Agreement Signature Page indicating the relevant Fund is to be <u>signed</u> and <u>dated</u> by the Member(s).

4.    (a)    <u>BY CHECK</u>:

            Amount $_____
            Payee: Bayou Management, L.L.C. Special Account
                as agent for _____
                                    name of Fund

        (b)    <u>BY WIRE TRANSFER (COMPLETE INFORMATION ON PAGE 4)</u>:

            Amount: $ *$ 500,000*    _____

        (c)    Subscriber:_____

                        *H. Blaine Lawson, Jr.*

## WIRE TRANSFER INSTRUCTIONS

Your bank should wire transfer <u>only U.S. Dollars via Fedwire</u> to:

    Citibank NA
    95 Pondfield Road Br 165
    Bronxville, New York 10708
    ABA # 021-000-089
    Credit Account No: 48916480
    Account Name:  Bayou Management, L.L.C. Special Account
                as agent for <u>Bayou Accredited Fund, L.L.C.</u>
                                name of Fund
    Reference: <u>H. Blaine Lawson, Jr.</u>
                  name of Subscriber

Also, please have your bank send the following fax message to:

    Fax No. 203-487-0009
    Bayou Management, L.L.C.
    Attention: Investor Relations

    Bayou Management, L.L.C.:   We have credited your agency
    account Citibank NA, Account No. 48916480 for
    $_____
    by order of _____
                      name of Subscriber
    on [date] _____
    for investment in _____
                          name of Fund

### IMPORTANT

    1.    Please have your bank identify on
        the wire transfer the name of the
        intended subscriber.

    2.    Please have your bank charge the
        wiring fees separately from your
        investment amount.

<u>BAYOU</u>

## <u>INVESTOR QUESTIONNAIRE</u>

Membership Interests in Bayou managed funds ("Fund") are not registered under the Securities Act of 1933, as amended, in reliance on an exemption from registration pursuant to Section 4(2) of such Act and Regulation D promulgated by the Securities and Exchange Commission. Regulation D provides guidelines for meeting the Section 4(2) exemption. This rule requires that prior to making a sale of Interests, a Fund must have reasonable grounds to believe, and shall believe after reasonable inquiry, that the purchaser is qualified to make the investment.

In order to obtain the facts needed to determine whether the Fund may accept a prospective purchaser's investment, it is necessary for the prospective purchaser to complete this Questionnaire. Additional information and verifications may be sought from banks and other sources. Either Form W-9 or Form W-8BEN (included) must be returned with the Subscription Agreement.

<u>Form W-9 must be completed by all persons subject to United States' income taxes. Form W-8BEN must be completed by all foreign beneficial owners. Foreign banks or financial institutions opening a correspondent account with the Fund must also complete and return within thirty (30) days the attached "Certification Regarding Correspondent Accounts for Foreign Banks."</u>

The Manager reserves the absolute right to reject any subscription.

THIS OFFERING IS LIMITED ONLY TO THOSE INVESTORS WHO ARE "ACCREDITED INVESTORS" or "QUALIFIED PURCHASERS" AS SUCH TERMS ARE DEFINED IN REGULATION D PROMULGATED BY THE SECURITIES AND EXCHANGE COMMISSION PURSUANT TO THE SECURITIES ACT OF 1933, AS AMENDED, AND IN THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED, RESPECTIVELY.

INVESTORS ARE REQUIRED TO COMPLETE SECTION 3 AND SECTION 4 BELOW.

SUBSCRIPTION AND INVESTMENT REPRESENTATION AGREEMENT
AND POWER OF ATTORNEY

Bayou Management, L.L.C.
40 Signal Road
Stamford, Connecticut 06902

Ladies and Gentlemen:

## Section 1

1.1     <u>Subscription</u>.  The undersigned hereby subscribes for and agrees to acquire membership interests (the "Membership Interests") of a Bayou managed Fund (the "Fund") and to make a capital contribution to said Fund in the amount indicated on the signature pages hereof, on the terms and conditions described herein.

1.2.    <u>Purchase</u>.  The undersigned understands that the minimum investment is subject to the discretion of the Manager to accept lesser amounts.

(a)     The undersigned tenders herewith cash, marketable securities, a check or wire transfer made payable to the order of "Bayou Management, L.L.C. Special Account" in the full amount of the capital contribution.

(b)     The undersigned also tenders herewith one executed Signature Page of the Amended and Restated Operating Agreement indicating the appropriate limited liability company (Page 29).

1.3.    <u>Acceptance or Rejection of Subscription</u>.

(a)     The undersigned understands and agrees that the Manager reserves the right to reject this subscription for Membership Interests, in whole or in part and at any time, if in its judgment it deems such action to be in the best interests of a Fund. The Manager will promptly notify the undersigned of its acceptance or rejection of the undersigned's subscription.

(b)     In the event of rejection of this subscription, the undersigned's check, marketable securities or the

amount of cash evidenced thereby, will be promptly returned to the undersigned without deduction and this Agreement shall have no force or effect. Subscribers whose subscriptions are accepted will be admitted as Members of a Fund (as so admitted, hereinafter sometimes individually referred to as a "Member" and collectively as the "Members").

## Section 2

2.1.    <u>Investor Representations and Warranties</u>.  The undersigned hereby acknowledges, represents and warrants to, and agrees with, the Fund and the Manager as follows:

(a)    The undersigned is acquiring the membership Interests for the undersigned's own account, for investment purposes only, and not with a view to or for the resale, distribution or fractionalization thereof, in whole or in part, and no other person has a direct or indirect beneficial interest in the Membership Interests.

(b)    The undersigned acknowledges the understanding of the undersigned that the offering of the Membership Interests is intended to be exempt from registration under the Securities Act of 1933, as amended (the "Securities Act"), by virtue of Section 4(2) of the Act and Regulation D promulgated thereunder.

(c)    The undersigned:

(i)    has been furnished with and has read The Bayou Family of Funds Executive Summary, the Amended and Restated Operating Agreement of the Fund, and any documents which may have been made available upon request, and has evaluated the risks of acquiring the Membership Interests, including the risks set forth in any materials furnished;

(ii)    has been provided an opportunity to obtain any additional information concerning the Offering, the Fund and all other information to the extent the Fund or the Manager possesses such information or can acquire it without unreasonable effort or expense;

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

Page 7

(iii) has been given the opportunity to ask questions of, and receive answers from, the Manager concerning the terms and conditions of the Offering and other matters pertaining to this investment, and has been given the opportunity to obtain such additional information necessary to verify the accuracy of the information made available or that which was otherwise provided in order for it to evaluate the merits and risks of an investment in the Fund to the extent the Manager possesses such information or can acquire it without unreasonable effort or expense; and

(iv) has determined that the Membership Interest is a suitable investment for his/her/it, that he/she/it has the financial ability to bear the economic risk of his/her/its investment in the Fund (including the complete loss of his/her/its investment), has adequate means of providing for his/her/its current needs and personal contingencies and has no need for liquidity with respect to investment in the Fund.

(d) In making its decision to acquire the Membership Interests herein subscribed for, the undersigned has relied solely upon the information supplied by the Manager and independent analysis made by the undersigned. The undersigned is not relying on the Fund or the Manager for any legal or tax considerations involved in this investment.

(e) The undersigned represents, warrants and agrees that the undersigned will not sell or otherwise transfer the Membership Interests without registration under the Act or an exemption therefrom, and fully understands and agrees that the undersigned must bear the economic risk of its investment for an indefinite period of time because, among other reasons, the Membership Interests have not been registered under the Act or under the securities laws of any state and, therefore, cannot be resold, pledged, assigned or otherwise disposed of unless they are subsequently registered under the Act and under applicable state securities laws or an exemption from such registration is available. The undersigned understands that the Fund is under no obligation to register the membership

Interests on behalf of the undersigned or to assist the undersigned in complying with any exemption from such registration under the Act. The undersigned also understands that sales or transfers of the Membership Interests are further restricted by the provisions of the Operating Agreement and state securities laws. If the undersigned is a corporation, trust, employee benefit plan, partnership or tax exempt entity, it is authorized and qualified to become a Member in the Fund, and its payment of its capital contributions has been duly authorized; this Agreement has been and, upon acceptance of the undersigned's subscription, the Amended and Restated operating Agreement will be, duly delivered; and this Agreement constitutes, and, when it is delivered, the Amended and Restated Operating Agreement will constitute, valid obligations of the undersigned, legally binding upon it and enforceable against it in accordance with their respective terms.

[INTENTIONALLY LEFT BLANK]

## <u>Section 3</u>

3.1.  <u>Investor Representations & Warranties Concerning Suitability</u>. The undersigned represents and warrants the following information:

*THE UNDERSIGNED SHOULD <u>INITIAL</u> AT LEAST ONE OF THE APPROPRIATE SPACES ON THE FOLLOWING PAGES INDICATING THE BASIS UPON WHICH THE UNDERSIGNED QUALIFIES OR DOES NOT QUALIFY AS AN ACCREDITED INVESTOR. AT LEAST ONE OF THE APPROPRIATE SPACES OF EITHER (a), (b) or (c) MUST BE INITIALED.*

\_\_\_\_\_  (a)  The undersigned is not an <u>Accredited Investor</u>. **[If this is applicable, do not complete this document as you are ineligible to acquire interests in the Fund.]**

## **ACCREDITED INVESTOR**

  (b)  (i) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> because the undersigned has an individual net worth, or the undersigned and the undersigned's spouse have a combined net worth, in excess of $1,000,000.

(ii) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> because the undersigned had individual income (exclusive of any income attributable to the undersigned's spouse) of more than $200,000 in the prior two calendar years or joint income with the undersigned's spouse in excess of $300,000 for each of those years and the undersigned reasonably expects to reach the same income level in the current calendar year.

\_\_\_\_\_  (iii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a bank as defined in Section 3(a)(2) of the Act.

_____ (iv) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a savings and loan association or other institution as defined in Section 3(a)(5)(A) of the Act, whether acting in its individual or fiduciary capacity.

_____ (v) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, as amended.

_____ (vi) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is an insurance company as defined in Section 2(13) of the Act.

_____ (vii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is an investment company registered under the Investment Company Act of 1940, as amended, or a business development company as defined in Section 2(a)(48) of the Act.

_____ (viii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a small business investment company licensed by the U.S. Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958.

_____ (ix) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940, as amended.

_____ (x) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a corporation, partnership, an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986, or Massachusetts or <u>similar business trust</u>, not formed for the specific purpose of acquiring the Partnerships Interests, with total assets in excess of $5,000,000.

(xi) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the Partnership Interests, whose purchase of the Partnership Interests is directed by a sophisticated person as described in Rule 506(b)(ii) of Regulation D promulgated under the Act.

(xii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is a plan established and maintained by a State, its political subdivisions or any agency or instrumentality of a State or its political subdivisions for the benefit of its employees if such plan has total assets in excess of $5,000,000.00.

(xiii) The undersigned hereby certifies that it is an <u>Accredited Investor</u> because it is an entity in which all of the equity owners meet at least one of the requirements of subsections (i) through (xi) hereof.

(xiv) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> as the undersigned is a director or executive officer of the Manager.

(xv) The undersigned hereby certifies that the undersigned is an <u>Accredited Investor</u> since, with respect to the Fund, the undersigned is a "Qualified Client" within the meaning of Rule 205-3d.1.(ii) of the Advisors Act.

(c)  The undersigned is not a Qualified Purchaser. **[If this is applicable, you are not eligible to invest in the Bayou Superfund but are eligible to invest in other Bayou Funds.]**

## QUALIFIED PURCHASER

_____ (d)    (i) The undersigned hereby certifies that the undersigned is a <u>Qualified Purchaser</u> because the undersigned is a natural person (including any person who holds a joint, community property, or other similar shared ownership interest in an issuer that is excepted under section 3(c)(7) of the Investment Act of 1940 [15 USCS § 80a-3(c)(7)] with that person's Qualified Purchaser spouse) who owns not less than $ 5,000,000 in investments, as defined in Rule 2a51-1 by the Securities and Exchange Commission.

_____    (ii) The undersigned hereby certifies that the undersigned is a <u>Qualified Purchaser</u> because the undersigned is a company that owns not less than $5,000,000 in investments and that is owned directly or indirectly by or for 2 or more natural persons who are related as siblings or spouse (including former spouses), or direct lineal descendants by birth or adoption, spouses of such persons, the estates of such persons, or foundations, charitable organizations, or trusts established by or for the benefit of such persons.

_____    (iii) The undersigned hereby certifies that the undersigned is a <u>Qualified Purchaser</u> because the undersigned is any trust that is not covered by Section 2(a)(51)(A)(ii) of the Investment Company Act [15 U.S.C. §80a-2(a)(51)(A)(ii)] and that was not formed for the specific purpose of acquiring the securities offered, as to which the trustee or other person authorized to make decisions with respect to the <u>trust,</u> and each settlor or other person who has contributed assets to the trust, is a person described in sections 2(a)(51)(A)(i), 2(a)(51)(A)(ii) or 2(a)(51)(A)(iv) of the Investment Company Act of 1940 [15 U.S.C. §80a-2(a)(51)(A)(i), (ii), or (iv.)].

_____ (iv) The undersigned hereby certifies that the undersigned is a <u>Qualified Purchaser</u> because the undersigned is a person, acting for its own account or the accounts of other Qualified Purchasers, who, or which, in the aggregate, owns and invests on a discretionary basis, not less than $25,000,000 in investments.

## ALL INVESTORS MUST COMPLETE

_____ (e) (i) A person that is not a United States person. For these purposes, the term "United States" means the United States, its states, territories or possessions. The following persons are not considered to be a "United States person": (i) a natural person who is not a citizen or resident of the United States; (ii) a partnership, corporation or other entity, other than an entity organized principally for passive investment, organized under the laws of a foreign (i.e., non-U.S.) jurisdiction; (iii) an estate or trust the income of which is not subject to United States income tax regardless of source; (iv) an entity organized principally for passive investment, such as a pool, investment company or other similar entity, provided that units of participation in the entity held by United States persons represent in the aggregate less than 10% of the beneficial interest in the entity and such entity was not formed principally for the purpose of facilitating investment by United States persons in an exempt pool; and (v) a pension plan for the employees, officers or principals of an entity organized and with its principal place of business outside the United States.

_____ (ii) An entity in which all of the unit owners or participants are persons who are qualified eligible participants under any of the above categories.

_____ (iii) A foreign bank or a foreign financial institution?

_____ (iv) An entity that currently has an anti-money laundering program?

## Section 4

4.1   *It is required for All Proposed Investors in any Bayou Managed Fund to answer all of the following questions by INITIALING the appropriate box.*

   (a)   Have the Fund's activities been disclosed to you?

Yes ___ No ___

   (b)   In that regard, do you understand:

   (i)   the risks involved in trading securities, financial instruments, indices and derivatives thereof?

Yes ___ No ___

   (ii)   the business of the Fund, including the use of margin, the conflicts of interest which the Manager may have, and the risks of investing in the Fund?

Yes ___ No ___

   (c)   Do you understand that you have an opportunity to question a representative of the Fund about the Manager, this investment, the Fund, the Fund's operations and the Fund's method of doing business?

Yes ___ No ___

   (d)   Do you understand that the Fund may or may not have both long and short positions, either separately or simultaneously?

Yes ___ No ___

   (e)   Do you understand that the Fund may or may not be hedged against risk, either as to specific positions or on an overall basis?

Yes ___ No ___

   (f)   Do you understand that the owner of the Manager is the sole owner of the primary broker who will be executing trades on behalf of the Fund, and in such capacity it will receive commissions from the Fund?

Yes ___ No ___

(g)   Do you understand that the relationship between the Fund and the related primary broker who will be executing trades on behalf of the Fund is not arm's length, may not be at the best available prices and will be profitable to the broker, even if the Fund is unprofitable?

Yes _____   No _____

(h)   Do you understand that the trading strategy utilized by the Fund generates a disproportionately high number of transactions compared to other trading strategies, which results in greater than usual commissions paid to brokers, including the primary broker?

Yes _____   No _____

(i)   In that regard, have you received

Introduction to Bayou        Yes _____   No _____

Bayou Fact Sheet             Yes _____   No _____

Bayou Overview               Yes _____   No _____

(j)   Do you understand that Principals affiliated with the Manager can and will execute trades for themselves and others that might be in direct conflict with the Fund?

Yes _____   No _____

(k)   Do you certify that you have such knowledge and experience in financial matters that you are capable of evaluating the merits and risks of an investment in the Fund?

Yes _____   No _____

(l)   If the answer to (k) is "no," have you provided the information required on Page 23, Question (bb)?

Yes _____   No _____

**If the answer to both (k) and (l) above are "no," you are not eligible to invest in any of the Funds.**

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

(m)   Do you understand that the Manager will also be the manager for other funds, and it or an affiliated company will advise customers and other accounts with the same investment objectives as the Fund.  Directly or indirectly, the Principals of the Manager are the owners of and are employed as Registered Representatives of the firm which will be executing trades on its behalf.  When effecting transactions for the Fund, they may, and most likely will, also be effecting similar or identical transactions for such other funds, customers and accounts (and may also be doing so for their own accounts and for the accounts of their families).  In each such case, they will endeavor to treat the Fund and all other funds, other customers and accounts on an essentially pro-rata basis in, among other things, effecting purchases and sales and allocating commissions and brokerage fees. However, in some instances, parity will be difficult or impractical and the Fund may pay more, or receive less or pay greater commissions and fees when buying, selling or otherwise effecting transactions than such other funds, customers or accounts which are buying or selling or otherwise effecting similar or even identical transactions.  For all purposes hereof, none of the foregoing shall be deemed unlawful, improper or inconsistent with their obligations to the Fund.

Yes _____   No _____

(n)   Do you understand that any Bayou Fund, other than the No Leverage Fund, employs margin debt and all Bayou Funds utilize short sales as part of their investment strategy, either or both of which may result in greater losses or lower profits than if they did not do so?

Yes _____   No _____

(o)   Do you understand that there is no guarantee of any financial return on this investment and that you run the risk of losing your entire investment?

Yes _____   No _____

(p)   Do you understand that the investment in the Fund may not be sold but may be redeemed in accordance with the Operating Agreement?

Yes _____   No _____

(q)     Do you understand that your interest in the Fund is not assignable or transferrable except by operation of law or the consent of the Manager?

Yes ____    No _____

(r)     Do you understand that potential tax consequences from this investment are dependent upon the Fund and its activities meeting various requirements, established by the Internal Revenue Code and its Regulations (which may be changed in the future), and that there can be no guarantees or assurances that the Fund will be able to meet these requirements?

Yes ____    No _____

(s)     Given the complex tax issues regarding the Fund's activities, do you understand that you should consult with your own tax advisor regarding this type of Fund?

Yes ____    No _____

(t)     If you are employed by an organization which is or will be doing business with the Fund, the Manager or anyone so affiliated or is a registered broker-dealer? If yes, please answer questions (i) through (iii) below:     NA

   (i)     Have you informed your employer regarding your investment in this Fund?

Yes _____    No _____

   (ii)    Do you require your employer's approval to invest in this Fund?

Yes _____    No _____

   (iii)   If required, have you received your employer's approval to invest in this Fund?

Yes _____    No _____

(u)     To the best of your knowledge, is there any reason why you should not or could not invest in this Fund?

Yes _____    No ____

(v)     Do you understand that you may acquire an interest in the Fund for investment only, and not with a view to the sale or other distribution thereof?

Yes ____    No _____

(w)    Are you a U.S. citizen?

Yes *[handwritten]*    No _____

If "yes," please provide a copy of an unexpired passport or other government identification showing your nationality and your residence and which contains your photograph or some other biometric safeguard such as a fingerprint. The number of this document, which was issued by REDACTED

(x)    Are you a U.S. resident, but not a U.S. citizen?

Yes _____    No *[handwritten]*

If "yes," please provide a copy of your unexpired alien registration card, foreign passport, or other government-issued identification showing your nationality, your residence, and your photograph or other biometric safeguard such as a fingerprint. The number of this document, which was issued by _____ on _____, is _____. In addition, please answer the following questions.

(y)    Are you a citizen or resident of a country other than the United States?

Yes _____    No *[handwritten]*

If yes, please complete (i) through (iii):

(i)    Are you a "senior foreign political figure," defined as a senior official in the executive, legislative, administrative, military or judicial branches of a foreign government (whether elected or not), a senior official of a major foreign political party, or a senior executive of a foreign government-owned corporation?

Yes _____    No _____

If "yes," please explain:

_____
_____
_____

(ii)    Are you the "immediate family of a senior political figure," which typically includes the figure's parents, siblings, spouse, children and in-laws?

Yes _____    No _____

If "yes," please explain:

_____
_____
_____

(iii)   Are you a "close associate of a senior foreign political figure," defined as a person who is widely and publicly known to maintain an unusually close relationship with the senior foreign political figure, and includes a person who is in a position to conduct substantial domestic and international financial transactions on behalf of the senior foreign political figure?

Yes _____    No _____

If "yes," please explain:

_____
_____
_____

(z)     Will you be holding this account for, or on behalf of, anybody other than yourself?

Yes _____    No _____

If "no," please proceed to question (y).

If "yes," please answer the following questions (i) and (ii).


[INTENTIONALLY LEFT BLANK]

(i)    For whom, or on whose behalf, will you be holding this account?

_____

_____

If this is a U.S. individual or natural person, please provide a copy of that person's unexpired driver's license or passport or other government identification showing that person's nationality and residence and which contains that person's photograph or some other biometric safeguard such as that person's fingerprints. The number of this document, which was issued by _____ on _____, is _____. Please also include copies of any documents that verify your authority to act as a representative of that person.

If this is a foreign individual or natural person, please provide a copy of that person's unexpired alien registration card, foreign passport, or other government-issued identification showing that person's nationality and residence, and which contains that person's photograph or other biometric safeguard such as that person's fingerprints. The number of this document, which was issued by _____ on _____, is _____. Please also include copies of any documents that verify your authority to act as a representative of that person.

If this is a corporate or business entity, please provide copies of that entity's certificate of incorporation, articles or organization, a government-issued business license, or similar documents such as partnership agreements or corporate resolutions that identify the business purpose of the entity and its place and date of charter. Please also include copies of any documents that verify your authority to act as a representative of that entity.

If you are unable or unwilling to provide any of this information, please explain:

_____
_____
_____

(ii)    Is this individual or entity a "senior foreign political figure," the "immediate family of a senior foreign political figure," a "close associate of a senior foreign political figure," or any corporation, business, or other entity that has been formed by, or for the benefit of, a senior foreign political figure, its immediate family, or a close associate?

                                Yes _____    No _____

If "yes," please explain:

_____
_____
_____
_____
_____

(aa)    What is the source of the funds that will be used to acquire your membership interests?

_____*Medallion Fund*_____
_____
_____
_____
_____
_____

[INTENTIONALLY LEFT BLANK]

(bb)   Will you have an investment advisor or other Qualified Purchaser Representative review the merits of this investment?

Yes _____   No _____

If yes, please provide the information request below for such Purchaser Representative:

Name: _____

Company: _____

Address: _____

Telephone: _____

Fax: _____

E-Mail: _____

## Section 5

5.1   <u>Investment Company Act</u>. The undersigned understands that the Fund will not register as an investment company under the Investment Company Act of 1940 (the "ICA"), by reason of Section 3(c)(1) thereof (which excludes from the definition of "investment company" any issuer which has not made and does not presently propose to make a public offering of its securities and whose outstanding securities are beneficially owned by not more than 100 persons).

If the undersigned is an entity and is not required to register under the ICA by reason of Section 3(c)(1), the undersigned certifies that:

(a)   It was not formed for the purpose of investing in the Fund nor will its beneficial owners contribute additional capital for the purpose of purchasing Membership Interests;

(b)   Its investment in the Fund is not and will not be allocated to the accounts of only certain beneficial owners;

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

Page 23

(c)     Its proposed investment in the Fund, (together with any amounts previously invested by it in the Fund), will be less than 40% of its total assets; and

(d)     It is not aware of any circumstances presently existing or contemplated which, under federal or state law relating to securities, investment companies or investment advisers, would result in any of its beneficial owners being treated as an offeree or purchaser of an investment in the Fund.

## Section 6

6.1    <u>Backup Withholding</u>. Under the penalties of perjury, the undersigned certifies that:

(a)     The social security number or tax identification number listed by it in this Agreement is true, correct and complete and that it is not subject to backup withholding under Internal Revenue Code §3406(a)(1)(c), either because (i) it has not been notified that it is subject to backup withholding as a result of a failure to report all interest or dividends, or (ii) the IRS has notified it that it is no longer subject to backup withholding; or

(b)     It is not a U.S. citizen or resident and is not engaged in a U.S. trade or business.

## Section 7

7.1    <u>Power of Attorney</u>. The undersigned, as principal, does hereby constitute and appoint the Manager, as the undersigned's true and lawful attorney, in the name, place and stead of the undersigned as partner of the Fund, to make, execute, sign, acknowledge, swear to and file:

(a)     All filings, if any, which require the signature of one or more Members, including, without limitation, any such filing for the purpose of admitting the undersigned and others as Members of the Fund and describing their initial or any increased capital contributions;

(b)     Any and all instruments, certificates and other documents which may be deemed necessary or desirable

to effect the winding-up and termination of the Fund (including, but not limited to, a Certificate of Cancellation of the Certificate of Membership);

(c)   Any business certificate, fictitious name certificate, amendment thereto, or other comparable instrument or document of any kind necessary or desirable to accomplish the business, purpose and objectives of the Fund, or required by any applicable federal, state or local law; and

(d)   Any documents, instruments and conveyances as may be necessary or appropriate to carry out the provisions of the Operating Agreement.

The undersigned does hereby ratify and confirm all whatsoever that its said attorney shall do, or cause to be done, by virtue of this power of attorney.

This power of attorney is coupled with an interest, is irrevocable, and shall survive and shall not be affected by the death, disability, incompetence, termination, bankruptcy, insolvency or dissolution of the undersigned. Such representative and attorney-in-fact shall not have any right, power or authority to amend or modify the Operating Agreement of the Fund when acting in such capacity.

## Section 8

8.1   <u>Indemnity</u>.  The undersigned agrees to indemnify and hold harmless the Fund, the Manager, and each other person, if any, who controls or is controlled by any thereof, within the meaning of Section 15 of the Securities Act, against any and all loss, liability, claim, damage and expense whatsoever (including, but not limited to, any and all expenses reasonably incurred in investigating, preparing or defending against any litigation commenced or threatened or any claim whatsoever) arising out of or based upon any false representation or warranty or breach or failure by the undersigned to comply with any covenant or agreement made by the undersigned herein or in any other document furnished by the undersigned to any of the foregoing in connection with this transaction.

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

8.2.  <u>Modification</u>.  Neither this Agreement nor any provisions hereof shall be modified, discharged or terminated except by an instrument in writing signed by the party against whom any waiver, change, discharge or termination is sought.

8.3.  <u>Notices</u>.  Any notice, demand or other communication which any party hereto may be required, or may elect, to give to anyone interested hereunder shall be sufficiently given if (a) deposited, postage prepaid, in a United States mail letter box, registered or certified mail, return receipt requested, addressed to such address as shall have been provided in writing to the Manager, or (b) delivered personally at such address.

8.4.  <u>Binding Effect</u>.  Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the parties and their heirs, executors, administrators, successors, legal representatives and permitted assigns. If the undersigned is more than one person, the obligations of the undersigned shall be joint and several and the agreements, representations, warranties and acknowledgments herein contained shall be deemed to be made by and be binding upon each such person and its heirs, executors, administrators and successors.

8.5  <u>Entire Agreement</u>.  This instrument contains the entire agreement of the parties, and there are no representations, covenants or other agreements except as stated or referred to herein.

8.6  <u>Assignability</u>.  This Agreement is not transferable or assignable by the undersigned except as is expressly permitted in the Operating Agreement.

8.7  <u>Applicable Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut applicable to contracts made and to be performed entirely within such state.  The undersigned agrees that all controversies which may arise between the undersigned and the Fund or the Manager shall be determined and settled by arbitration in New York, New York pursuant to the rules of the American Arbitration Association. Any award rendered therein shall be final and conclusive upon the parties, and a judgment thereon may be entered in any court of competent jurisdiction.  This paragraph shall survive the expiration or termination of this Agreement.

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

8.8    <u>Gender</u>.  All pronouns contained herein and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the parties hereto may require.

8.9    <u>Counterparts</u>.  This Agreement may be executed through the use of separate signature pages or in any number of counterparts, and each of such counterparts shall, for all purposes, constitute one agreement binding on all the parties, notwithstanding that all parties are not signatories to the same counterpart.

8.10   <u>Investment Objective</u>.  The Investor understands that hedge funds, in general, and this Fund, in particular, are not suitable for all investors.  Furthermore, this investment is deemed to be illiquid and contains substantial risk.  However, neither the investment nor returns, if any, are necessary for the current support or welfare of the Investor, his family and his household.

8.11   <u>Nature of Offering</u>.  THE INTERESTS OFFERED HEREBY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR THE SECURITIES LAWS OF CERTAIN STATES AND ARE BEING OFFERED AND SOLD IN RELIANCE ON EXEMPTIONS FROM THE REGISTRATION REQUIREMENTS OF SAID ACT AND SUCH LAWS.  THE INTERESTS ARE SUBJECT TO RESTRICTION ON TRANSFERABILITY AND RESALE AND MAY NOT BE TRANSFERRED OR RESOLD EXCEPT AS PERMITTED UNDER SAID ACT AND SUCH LAWS PURSUANT TO REGISTRATION OR EXEMPTION THEREFROM.  THE INTERESTS HAVE NOT BEEN APPROVED OR DISAPPROVED BY THE SECURITIES AND EXCHANGE COMMISSION, ANY STATE SECURITIES COMMISSION OR OTHER REGULATORY AUTHORITY, NOR HAVE ANY OF THE FOREGOING AUTHORITIES PASSED UPON OR ENDORSED THE MERITS OF THIS OFFERING OR THE ACCURACY OR ADEQUACY OF THE MEMORANDUM.  ANY REPRESENTATION TO THE CONTRARY IS UNLAWFUL.

[INTENTIONALLY LEFT BLANK]

The undersigned represent and warrant that they have received and understand all the material provided by the Fund and that they have no unanswered questions regarding the Fund.

The undersigned hereby consents to the Fund, its agents or designees, verifying any and all information provided by the undersigned and authorizes the release to the Fund, its agents or designees, of any such information from any source to verify the accuracy of the information provided.

IN WITNESS WHEREOF, the undersigned Investor has executed this Subscription Agreement, Investment Representation and Power of Attorney on the _2nd_ day of _December, 2003_.

Capital Contribution

$ _500,000_

**REQUIRED:**
**Social Security Number or**
**Taxpayer Identification Number**
**Of Subscribing Member**

Name of Second Signatory
_____

By:_____
        (Signature)
Title:_____

Legal Residence of Investor:
_____

Mailing Address:
_____
_____
_____

Tel No.:_____

E-Mail:_____

Actual Street Address:
(NO POST OFFICE BOX NUMBERS)
_____
_____
_____

Name of Subscribing
Limited Partner
_H. Blaine Lawson, Jr._

SSN: REDACTED
OR
TIN:_____

Name of Signatory
_H. Blaine Lawson, Jr._

By: _Blaine Lawson_
        (Signature)
Title:_____

Legal Residence of Investor:
_Same as below_

Mailing Address:
_29 North Road_
_Stony Brook_
_NY 11790_

Tel No.: REDACTED

E-Mail:_____

Actual Street Address:
(NO POST OFFICE BOX NUMBERS)
_29 North Road_
_Stony Brook_
_NY 11790_

*SIGNATURE PAGE*

Amended and Restated Operating Agreement

IN WITNESS WHEREOF, the undersigned have hereunto set their hands as of this _2ⁿᵈ_ day of _December_ , _200 3_.

Manager:                                    Member/Investor:

                                            H. Blaine Lawson, Jr.
BAYOU MANAGEMENT, L.L.C.                     Print Name of Member/Investor

By: _____                         By: _____
Name: Sam Israel III                        Member or Authorized Signatory
Title: Manager

                                            _____
Investment Effective as of                  Print Name of Authorized Signatory
_2/1/04_
(to be determined by Manager)               _____
                                            Title of Authorized Signatory

INDICATE FUND:

✓     BAYOU ACCREDITED FUND LLC             By:_____
                                            Authorized Second Signatory
_____ BAYOU AFFILIATES FUND LLC

_____ BAYOU NO LEVERAGE FUND LLC            _____
                                            Print Name of Second Signatory
_____ BAYOU OFFSHORE FUND LTD

_____ BAYOU SUPERFUND LLC                   _____
                                            Title of Second Signatory

F:\1676-102\Sub'Doc068wp
mvk\09\08\03

                                                            Page 29