UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

IN RE BAYOU HEDGE FUNDS INVESTMENT    :        No. 06 MDL 1755 (CM)
LITIGATION                            :

------------------------------------------------------------ X

THIS DOCUMENT RELATES TO: _____

------------------------------------------------------------ X

BROAD-BUSSEL FAMILY LIMITED           :        No. 06 Civ. 3026 (CM)
PARTNERSHIP, ET AL., Individually     :
and on Behalf of All Other Persons and Entities    :
Similarly Situated,                   :
                        Plaintiffs,   :
                                      :
        - against -                   :
                                      :
BAYOU GROUP LLC, ET AL.,              :        ELECTRONICALLY FILED
                        Defendants.   :

------------------------------------------------------------ X


## BROAD-BUSSEL PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW FOR CLARIFICATION OR PARTIAL RECONSIDERATION AS TO THE COURT'S <u>DENIAL OF CLASS CERTIFICATION</u>


KOSKOFF, KOSKOFF & BIEDER, P.C.          BERGER & MONTAGUE, P.C.
William M. Bloss, Esq.                   Merrill G. Davidoff, Esq.
Neal A. DeYoung, Esq.                    Lawrence J. Lederer, Esq.
350 Fairfield Avenue                     Lane L. Vines, Esq.
Bridgeport, CT  06604                    1622 Locust Street
Telephone:  (203) 336-4421              Philadelphia, PA  19103-6305
Fax:  (203) 368-3244                     Telephone:  (215) 875-3000
                                         Fax:  (215) 875-4604

*Attorneys for Broad-Bussel Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. i

ARGUMENT .......................................................................... 1

CONCLUSION ........................................................................ 5

## TABLE OF AUTHORITIES

*Federal Cases*

Baum v. County of Rockland,
    No. 03 Civ. 5987 (CM) (GAY), 2005 U.S. Dist. LEXIS 8751
    (S.D.N.Y. Jan. 7, 2005) ......................................................... 2

Catskill Dev., L.L.C. v. Park Place Entm't Corp.,
    154 F. Supp. 2d 696 (S.D.N.Y. 2001) .......................................... 2

Chere Amie, Inc. v. Windstar Apparel, Corp.,
    No. 01 Civ. 0040 (WHP), 2002 U.S. Dist. LEXIS 17825
    (S.D.N.Y. Sept. 23, 2002) ...................................................... 2

Doe v. New York City Department of Social Services,
    709 F. 2d 782 (2d Cir. 1983) ................................................... 1

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.,
    Master File No. 00-1898 MDL 1358 (SAS), 2007 U.S. Dist. LEXIS 74724
    (S.D.N.Y. Oct. 4, 2007) ........................................................ 1

Wilner v. OSI Collection Servs.,
    201 F.R.D. 321 (S.D.N.Y. 2001) ............................................... 2

*Court Rules*

Federal Rule of Civil Procedure 23 ................................................ 4, 5

Local Civil Rule 6.3 .............................................................. 1

Plaintiffs Broad-Bussel Family Limited Partnership, Caroline B. Glass, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr. (collectively, the "Plaintiffs" or the "Broad-Bussel Plaintiffs"), individually and on behalf of all other persons and entities similarly situated, hereby respectfully move, pursuant to Local Civil Rule 6.3, for clarification and/or partial reconsideration of the Court's Order entered January 24, 2008 (the "January 24, 2008 Order") (Doc. 104, filed in case No. 06-cv-3026-CM-MDF). The January 24, 2008 Order denied, at least in part, Plaintiffs' motion for class certification filed on July 16, 2007 in the above litigation (Doc. 90, No. 06-cv-3026-CM-MDF).[1]

## ARGUMENT

"Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., Master File No. 00-1898 MDL 1358 (SAS), 2007 U.S. Dist. LEXIS 74724, at *4, 8 (S.D.N.Y. Oct. 4, 2007) ("The instant motion seeks to bring to this Court's attention facts that were already in the record, but were eclipsed by the volume of data presented in the [parties' submissions] and in these actions in general."). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Doe v. New York City Department of Social Services, 709 F. 2d 782, 789 (2d Cir. 1983) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)). As this Court has held, "[w]here the Court has

---

[1]     Plaintiffs' class certification motion was also filed in the related litigation captioned Broad-Bussel Family Limited Partnership, et al. v. Hennessee Group LLC, et al., No. 07 Civ. 2026-CM-MDF (Doc. 19). Although the January 24, 2008 Order appears to also deny the motion in that docket, the Court's Order was apparently not filed in that second docket.

1

inadvertently overlooked 'factual matters that were put before it on the underlying motion, which, had they been considered, 'might reasonably have altered the result reached by the court[,]' reconsideration is appropriate." Baum v. County of Rockland, No. 03 Civ. 5987 (CM) (GAY), 2005 U.S. Dist. LEXIS 8751, at *4 (S.D.N.Y. Jan. 7, 2005) (McMahon, J. ) (quoting Chere Amie, Inc. v. Windstar Apparel, Corp., No. 01 Civ. 0040 (WHP), 2002 U.S. Dist. LEXIS 17825, at *1 (S.D.N.Y. Sept. 23, 2002)). See also Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (McMahon, J.) (same); Wilner v. OSI Collection Servs., 201 F.R.D. 321 (S.D.N.Y. 2001) (McMahon, J.) (granting reconsideration as to the denial of class certification).

Here, the January 24, 2008 Order denied certification of a class "consisting of all similarly situated investors who, during the period between December 31, 1996 and August 25, 2005 (the 'Class Period'), purchased or maintained investment interests in one or more of the Bayou family of hedge funds (the 'Bayou Hedge Funds') during the period, and were damaged thereby (the 'Class')." The January 24, 2008 Order also denied certification of a subclass "consisting of all class members who, during the Class Period, were advised to invest, or were placed, in the Bayou Hedge Funds pursuant an investment advisory relationship with the Hennessee Group LLC, and suffered damages thereby (the 'Hennessee Subclass')."

Plaintiffs respectfully disagree with those denials of class certification and reserve their appellate rights in connection therewith. However, Plaintiffs now seek clarification and/or partial reconsideration of only one aspect of the January 24, 2008 Order. Specifically, in denying certification of the Class, the January 24, 2008 Order states in pertinent part that (slip op. at pp. 1-2):

> The only defendants remaining in this action against whom the
> proposed Class could proceed are the Bayou Defendants themselves.
> All the Bayou Defendants are in bankruptcy. As a result, this action
> is stayed as against the Bayou Defendants ....
>
> Furthermore, it would be a waste of the Bayou Defendants' limited
> resources to certify a class. By this point, it is apparent that nothing
> whatever will gained by the prosecution of a class action against the
> Bayou Defendants. All putative members of the class have been
> required to file claims in the bankruptcy proceeding, and those
> claims will be resolved in the Bankruptcy Court. The order of
> restitution being fashioned for entry in the three criminal cases
> (which this Court is supervising) will provide whatever additional
> measure of relief (if any) can be afforded to the members of the
> putative Class.

The Court's Order does not define the term "Bayou Defendants". By contrast, Plaintiffs'

class certification papers define that term to include specifically each of the Bayou principals

Samuel Israel, III, Daniel Marino and James G. Marquez, and related entities including: IM

Partners; IMG, LLC; Bayou Group, LLC; Bayou Management, LLC; Bayou Securities, LLC;

Bayou Securities, LTD; Bayou Partners, LLC; Bayou Affiliates, LLC; Bayou Equities, LLC;

Bayou Super Fund, LLC; Bayou No Leverage Fund, LLC; Bayou Affiliates Fund, LLC; Bayou

Accredited Fund, LLC; Bayou Offshore Fund, LLC; Bayou Fund, LLC; Bayou Offshore Fund A,

LTD; Bayou Offshore Fund B, LTD; Bayou Offshore Fund C, LTD; Bayou Offshore Fund D,

LTD; Bayou Offshore Fund E, LTD; Bayou Offshore Fund F, LTD; and Bayou Offshore Master

Fund, LTD. In addition, Plaintiffs also acknowledge that the Court's prior rulings dismissed

without prejudice certain additional defendants including Citibank N.A., Faust Rabbach &

Oppenheim LLP, and Steven D. Oppenheim. See Docs. 61 and 71, No. 06-cv-3026-CM-MDF.

Thus, Plaintiffs did not include these parties in the term "Bayou Defendants" in Plaintiffs' class

certification motion.

3

However, the Court's January 24, 2008 Order does not appear to address class certification as to the "aider and abettor defendants", including in particular Jeffrey D. Fotta, Eqyty Research and Management, LLC, and Eqyty Research and Management, LTD (the "Fotta/Eqyty defendants"). Yet, the parties indicated in their class certification papers that the Plaintiffs and the Fotta/Eqyty defendants are in the process of proposing a settlement for the Class. For example, on September 28, 2007, the Fotta/Eqyty defendants filed a Memorandum in Support of Broad-Bussel Plaintiffs' Motions for Class Certification (Doc. 102, No. 06-cv-3026-CM-MDF), which stated in pertinent part that:

> Although the Eqyty defendants deny the allegations against them as set forth in plaintiff's Amended Complaint, they have reviewed the arguments and evidence accompanying plaintiffs' Motions for Class Certification, and independently have researched the relevant caselaw. Based on the foregoing, and again while denying any liability, the Eqyty defendants recognize and believe that the claims asserted by the plaintiffs in the Amended Complaint are [] typical of claims that might otherwise be brought by other similarly situated investors in the Bayou Funds. Accordingly, the Eqyty defendants respectfully submit that class certification of the claims in this litigation would serve both the interests of judicial economy and the conservation of the Eqyty Defendants' resources in defending against and resolving all claims against them.

> The Eqyty defendants further note that they are in the process of negotiating a settlement for the benefit of the proposed class and such process would be aided by certification of the proposed class. Any such settlement would be presented to the Court for its approval in accordance with Rule 23 of the Federal Rules of Civil Procedure.

Accord Plaintiffs' Reply in Further Support of Class Certification (Doc. 103, No. 06-cv-3026-CM-MDF) (stating that the Fotta/Eqyty defendants "support class certification (as the parties are in the process of proposing a settlement for the Class)").

4

Accordingly, Plaintiffs seek clarification and/or partial reconsideration only to permit certification of the Class for purposes of the Fotta/Eqyty settlement. Plaintiffs will provide additional details of the agreement-in-principle and/or proceed with consummating a formal settlement agreement with the Fotta/Eqyty defendants in order to submit a proposed settlement for the Court's consideration, if and as the Court may direct.

## CONCLUSION

Plaintiffs request respectfully that the Court grant clarification and/or partial reconsideration of the January 24, 2008 Order.

Dated: February _7_, 2008                              Respectfully submitted,
      New York, NY


KOSKOFF, KOSKOFF & BIEDER, P.C.          BERGER & MONTAGUE, P.C.
William M. Bloss, Esq.
Neal A. DeYoung, Esq.                       _/s/ Merrill G. Davidoff_____
350 Fairfield Avenue                      Merrill G. Davidoff, Esq.
Bridgeport, CT 06604                      Lawrence J. Lederer, Esq.
Telephone: (203) 336-4421                 Lane L. Vines, Esq.
Fax: (203) 368-3244                       1622 Locust Street
                                       Philadelphia, PA 19103
                                       Telephone: (215) 875-3000
                                       Fax: (215) 875-4604


*Attorneys for Broad-Bussel Plaintiffs*

5

## CERTIFICATE OF SERVICE

I, Lane L. Vines, hereby certify that I caused today the foregoing Broad-Bussel Plaintiffs'

Motion and Incorporated Memorandum of Law for Clarification or Partial Reconsideration as to

the Court's Denial of Class Certification to be electronically filed with the Clerk of Court by using

the ECF System. The foregoing filing will be served on counsel electronically through the Court's

ECF System, and by U.S. First Class mail or electronic mail on any counsel that has not signed up

for electronic service. Notice of this filing will be sent by email to all parties by operation of the

Court's electronic filing system. Parties may access this filing through the Court's CM/ECF

System.


Dated: February 7, 2008                          /s/ Lane L. Vines
                                                 Lane L. Vines


434474